[No. 7248-3-II. Division Two. March 10, 1986.]

GEORGE BURT, ET AL, *Appellants,* v. CORNELIUS AUGUSTUS ROSS, JR., ET AL, *Respondents.*

*Jay B. Roof* and *Green & Roof,* for appellants.

*Christopher J. Bell,* for respondents.

PETRICH, J.—George and June Burt appeal from a summary judgment dismissing a wrongful death action brought for the death of their 20–year–old daughter. They argue that because their daughter was under the legal drinking age, was served liquor in a restaurant, and was intoxicated at the time of her death, she should be considered a minor for the purposes of the wrongful death of a minor child statute, RCW 4.24.010. We affirm the summary judgment.

The Burts are the parents of Laurie Burt, who was killed in a single car accident at the age of 20. She had been living with her parents but was not supporting them. Prior to the accident, Laurie had been served liquor in the Poplars restaurant, owned by Cornelius Ross. The Burts claim that a blood alcohol test showed that Laurie was legally intoxicated at the time of her death. They brought a claim under RCW 4.24.010, seeking damages for the death of a minor child. Ross moved to dismiss, arguing that Laurie was not a minor child because she was over 18. The trial court granted the motion and entered summary judgment for Ross.[1]

---

[1] The Burts alleged additional claims in their complaint that were not part of the summary judgment.

RCW 4.24.010 allows parents to "maintain an action as plaintiff for the injury or death of a minor child, or a child on whom either, or both, are dependent for support". "Minor child" is not defined in the statute. The age of majority is defined at RCW 26.28.010, which states:

> Except as otherwise specifically provided by law, all persons shall be deemed and taken to be of full age for all purposes at the age of eighteen years.

The Burts contend that RCW 66.44.270, which prohibits service of liquor to persons under 21, falls under the "otherwise specifically provided by law" exception of RCW 26.28.010. RCW 66.44.270 states in relevant part:

> [N]o person shall give, or otherwise supply liquor to any person under the age of twenty–one years, or permit any person under that age to consume liquor on his premises or on any premises under his control.

They argue that Laurie was a minor for the purposes of RCW 66.44.270 and that the liquor served in violation of that statute was alleged to be the proximate cause of her death. Therefore, they contend that they should be allowed to maintain an action for the death of a minor child under RCW 4.24.010.

Ross responds that an extension of minority under the wrongful death statute is not "specifically provided by law." He argues that while persons under 21 may not be supplied with liquor, RCW 66.44.270, and that anyone selling or giving liquor to persons under 21 is guilty of a gross misdemeanor, RCW 26.28.080(4), there is no specific provision extending the period of minority under RCW 4.24.010. In the absence of such a specific provision, he contends that the age of majority should be 18.

We agree. The short answer to the Burts' contention is that RCW 4.24.010 refers to a "minor child," and age of majority is defined in RCW 26.28.010. RCW 66.44.270 refers to people under 21—as it could refer to people under 50—and has nothing to do with "minors." The Washington Supreme Court has held that a juvenile jurisdictional statute that "[i]n no case shall a child be committed beyond

the age of twenty–one years" was too remote to be considered as an exception "specifically provided by law." *In re Carson,* 84 Wn.2d 969, 973, 530 P.2d 331 (1975) (quoting former RCW 13.04.095). Similarly, the linkage of the drinking age statute to the wrongful death statute is too remote to create an exception "specifically provided by law" to the age of majority of 18. Laurie Burt was not a minor child for the purposes of the wrongful death statute. The summary judgment dismissing the action is affirmed.

WORSWICK, C.J., and REED, J., concur.