[No. 20472-6-I.   Division One.   July 25, 1988.]

ANDREW MASUNAGA, ET AL, *Appellants*, v. GEORGE GAPASIN, ET AL, *Respondents.*

*Gordon Woodley,* for appellants.

*Martinus L. Johnson* and *Betts, Paterson & Mines,* for respondents Gapasin, et al.

SWANSON, J.—Andrew and June Masunaga of Kapaa, Kauai, Hawaii, husband and wife, appeal the superior court partial summary judgment order dismissing their claims for

damages against George Gapasin and D.P. and Takeko Gapasin, husband and wife, for the death of their 32-year-old son, Dennis C. Masunaga, in a pedestrian–automobile accident. They contend that under RCW 4.24.010 they are entitled to damages stemming from the loss of their adult son upon whom they allegedly were dependent for support.

On February 14, 1984, Dennis Masunaga, a pedestrian, died of injuries suffered when he was hit by a car driven by George Gapasin and owned by D.P. and Takeko Gapasin. At the time of his death, the decedent was an accountant who was divorced and had a 10-year-old daughter. The administrator of Masunaga's estate settled the estate's claims against the Gapasins for the $50,000 limit of the Gapasins' insurance policy, and the settlement was approved by the court. In consideration of this settlement, the estate administrator signed a covenant not to sue the Gapasins.

Subsequently the decedent's parents filed a suit against the Gapasins, Highline–West Seattle Mental Health Center, and Dr. Barry Grosskopf and his wife, seeking damages for the loss of their deceased son's "companionship, assistance, services, love, counsel, guidance and support."

The respondents filed a summary judgment motion supported by a memorandum in which they argued that the parents' claims were barred in that (1) a wrongful death action under the general wrongful death statutes, RCW 4.20.010 and .020, may be brought only by the decedent's personal representative, who had already settled the estate's claims with the Gapasins and signed a covenant not to sue, and (2) since the decedent had a daughter, the parents were not statutory beneficiaries under either the wrongful death statute, RCW 4.20.020, or the special survival statute, RCW 4.20.060. In a supplemental memorandum the respondents argued that a parent's recovery for wrongful death under RCW 4.24.010, the "child–death" statute, is limited to a minor child. The appellants

responded that they were entitled to recovery under RCW 4.24.010 since they were dependent upon their son for support and, unlike the personal representative of the decedent's estate, they had not settled their claims against the Gapasins. Summary judgment was entered in the respondents' favor, and the appellants' reconsideration motion was denied.

The sole issue in this appeal of the partial summary judgment order[1] is whether the trial court erred in granting summary judgment dismissing the appellants' action for damages against the respondents under RCW 4.24.010, which states in pertinent part:

> The mother or father or both may maintain an action as plaintiff for the injury or death of a minor child, or a child on whom either, or both, are dependent for support . . .

*See Burt v. Ross,* 43 Wn. App. 129, 131, 715 P.2d 538 (1986); *Bankhead v. Aztec Constr. Co.,* 48 Wn. App. 102, 110, 737 P.2d 1291 (1987).

> In such an action, in addition to damages for medical, hospital, medication expenses, and loss of services and support, damages may be recovered for the loss of love and companionship of the child and for injury to or destruction of the parent–child relationship . . .

RCW 4.24.010; *see Eurick v. PEMCO Ins. Co.,* 108 Wn.2d 338, 341, 738 P.2d 251 (1987).

The respondents argue that the appellants' recovery under RCW 4.24.010 is barred by RCW 4.20.020, which permits parents to benefit from a wrongful death action brought by the deceased's personal representative only if the deceased has no surviving spouse or child. RCW 4.20-.010 provides in part:

---

[1]Since the partial summary judgment order from which this appeal is taken dismissed only the Gapasins as defendants in the parents' wrongful death action, the Grosskopfs are not proper parties in this appeal and their appellate brief is not properly before this court.

When the death of a person is caused by the wrongful act, neglect or default of another his personal representative may maintain an action for damages against the person causing the death . . .

See *Roe v. Ludtke Trucking, Inc.*, 46 Wn. App. 816, 818 n.1, 732 P.2d 1021 (1987). RCW 4.20.020 states:

Every such action shall be for the benefit of the wife, husband, child or children, including stepchildren, of the person whose death shall have been so caused. If there be no wife or husband or such child or children, such action may be maintained for the benefit of the parents, sisters or brothers, who may be dependent upon the deceased person for support, and who are resident within the United States at the time of his death.

Here the deceased had a child for whose benefit the decedent's personal representative could have brought an action under RCW 4.20.010 and .020, but the administrator of the decedent's estate settled the estate's claims against the respondents; consequently, the respondents argue, the parents could not be beneficiaries under RCW 4.20.020 and cannot now bring a separate action under RCW 4.24.010.

*Hedrick v. Ilwaco Ry. & Nav. Co.*, 4 Wash. 400, 30 P. 714 (1892) is dispositive of this issue. In *Hedrick* the father, as administrator of the deceased minor child's estate, previously had recovered a $2,000 judgment against the defendant for the child's death; subsequently, he brought an action against the defendant for loss of his son's services. Examining sections 8 and 9 of the Code of 1881, the predecessor statutes of RCW 4.20.010 and 4.24.010, respectively, *Hedrick* upheld the father's right to maintain the second action for loss of the child's services, which right was deemed to be separate and distinct from that of the heirs or personal representatives. *Hedrick,* at 404, states:

Two actions may thus spring from the same wrongful act, because two distinct injuries are thereby inflicted. But the actions are prosecuted in different rights and the damages are given upon different principles. The damages recovered by a parent for loss of services of a child

belong to the parent in his own right and are not distributable among the heirs, and do not become a part of the estate of the deceased.

In the instant case the decedent's estate's loss, which could have been redressed under RCW 4.20.010 and .020, is a separate injury from that suffered by the decedent's parents, for which they seek compensation under RCW 4.24-.010. *Hedrick*'s rationale supports the maintenance of the appellants' action under RCW 4.24.010 here. Thus the fact that RCW 4.20.020's language designating the beneficiaries of the personal representative's action was absent from the Code of 1881's section 8 is not significant.

If the respondents' position were accepted, where a decedent has no spouse or child, the parents may be the beneficiaries of a wrongful death action under RCW 4.20.020, but where a spouse or child exists, the parents are precluded either from benefiting from such an action under RCW 4.20.020 or from individually bringing an action under RCW 4.24.010.[2] The effect, in essence, is to render a nullity that portion of RCW 4.24.010 which authorizes a parent's recovery for a child's death. However, it is presumed that the Legislature does not engage in meaningless acts. *State v. McCullum,* 98 Wn.2d 484, 493, 656 P.2d 1064 (1983); *Daviscourt v. Peistrup,* 40 Wn. App. 433, 441, 698 P.2d 1093, *review denied,* 104 Wn.2d 1008 (1985).

The respondents argue that the two statutes can be harmonized if recovery under RCW 4.24.010 is limited to decedents who are minor children. Since the decedent here was an adult, the respondents contend that the parents are precluded from bringing an action under this statute.

Prior to the 1927 amendment of the predecessor statute to RCW 4.24.010, the statute authorized a parent to bring an "action as plaintiff for the injury or death of a child

---

[2]If, absent a surviving spouse or child, parents who are dependent upon their child for support may benefit from recovery for their child's death under either RCW 4.20.010 and .020 or RCW 4.24.010, there is an election of remedies. *Kanton v. Kelly,* 65 Wash. 614, 622, 118 P. 890, 121 P. 833 (1911); Comment, *Damages in Washington Wrongful Death Actions,* 35 Wash. L. Rev. 441, 442 (1960).

. . ."[3] *Wilson v. Lund,* 74 Wn.2d 945, 952, 447 P.2d 718 (1968). However, in 1927 this portion of the predecessor statute was amended to read "for the injury or death of a *minor* child, *or a child on whom either [parent] is dependent for support . . .*" (Italics ours.) Laws of 1927, ch. 191, § 1, p. 241; *see Wilson v. Lund, supra* at 953. This language remains in the current statute with the addition of "or both" after "either" and the substitution of "are" for "is."

■ ■ "'When the term "or" is used it is presumed to be used in the disjunctive sense, unless the legislative intent is clearly contrary.'" *Childers v. Childers,* 89 Wn.2d 592, 595, 575 P.2d 201 (1978) (quoting 1A C. Sands, *Statutory Construction* § 21.14 n.1 (4th ed. 1972)). "Or" does not mean "and." *Childers v. Childers, supra* at 596. Under RCW 4.24.010 the parents may recover for the injury to or wrongful death of a minor child without a showing of dependency whereas proof of dependency is required where the child is an adult.[4] *See Warner v. McCaughan,* 77 Wn.2d 178, 184–85, 460 P.2d 272 (1969); Comment, *Washington Wrongful Death and Survival Actions,* 6 Gonz. L. Rev. 314, 321 (1971); Comment, *Damages in Washington Wrongful Death Actions,* 35 Wash. L. Rev. 441, 447 (1960). Thus the appellants are not precluded from maintaining an action under RCW 4.24.010 because their deceased son was an adult as long as they were dependent upon him for support.

The respondents rely upon *Moen v. Hanson,* 85 Wn.2d

---

[3]The pre–1927 predecessor statutes to RCW 4.24.010 apparently were interpreted to refer to a minor child. *See, e.g., Kanton v. Kelly, supra* at 623 (on petition for rehearing) (comparing the pre–1927 predecessor statutes to RCW 4.20.010 and .020 and 4.24.010).

[4]In 1909 a predecessor statute to RCW 4.20.010 and .020 was amended to include language that a decedent's parents who were dependent upon the decedent for support had a right of action for wrongful death where the decedent had no surviving widow or children. Laws of 1909, ch. 129, § 1, p. 425. Recovery under this wrongful death statute required proof of the parents' dependency *without reference to the age of the deceased child. Kanton v. Kelly, supra* at 618.

597, 537 P.2d 266 (1975), in which the court, in holding that a cause of action exists under RCW 4.24.010 for the wrongful death of a viable unborn fetus, stated:

Parents have a right of action only if their child is wrongfully killed before reaching the age of 18. A wrongful death action for one who is tortiously killed *after majority* can be maintained for the benefit of parents only if no spouse or children survive the deceased. RCW 4.20.020. The phrase "minor child" in RCW 4.24.010 makes clear the compatibility of the two statutes.

*Moen,* at 599. *Moen* was construing that portion of RCW 4.24.010 which authorizes an action for the wrongful death of a "minor child." Thus, its statements, unsupported by any citations to cases, comparing RCW 4.20.020 and RCW 4.24.010 as to the age of the deceased child are dicta.

Further, these statements are contrary to *Warner v. McCaughan, supra,* in which the parents of a 21–year–old decedent who did not contribute financially to the parents' support sought damages under both the wrongful death statute, RCW 4.20.010 and .020, and the child–death statute, RCW 4.24.010. *Warner* upheld the dismissal of the parents' claims on the ground that the complaint failed to state a claim upon which relief could be granted since the requirement under both statutes of the parents' dependency upon their deceased daughter was not met. *Warner,* at 180–81, 185. No mention is made that the decedent's adult status barred an RCW 4.24.010 action.

*Burt v. Ross,* 43 Wn. App. 129, 715 P.2d 538 (1986), which the respondents cite in support of their position, is distinguishable. Since the 20–year–old decedent was not supporting her parents so that they could not show dependency, they sought damages under RCW 4.24.010 for the death of a "minor child" on grounds that the statutory prohibition against serving liquor to persons under 21 years old created an exception to the statutory definition of the age of majority as being 18 years. *Burt,* at 130–31. *Burt,* at 132, rejected this argument, holding that the decedent did

not qualify as a minor under RCW 4.24.010. Thus the parents were unable to recover under either provision of RCW 4.24.010.

Since the appellants' RCW 4.24.010 action was not barred either because of the decedent's adult status or the fact that he had a daughter, the question is whether the respondents were entitled to summary judgment as a matter of law.

In a summary judgment proceeding, the reviewing court makes the same inquiry as the trial court. Summary judgment is proper if the pleadings, depositions, admissions on file and any affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. CR 56(c); *Hartley v. State,* 103 Wn.2d 768, 774, 698 P.2d 77 (1985). The facts submitted and all reasonable inferences therefrom must be considered in the light most favorable to the nonmoving party. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). The moving party bears the burden of presenting evidence showing that there is no genuine issue as to a fact which could influence the trial's outcome and that judgment is proper as a matter of law. *Hartley v. State, supra; Hostetler v. Ward,* 41 Wn. App. 343, 346, 704 P.2d 1193 (1985), *review denied,* 106 Wn.2d 1004 (1986).

In the court below, the Gapasins moved for summary judgment solely on the basis of their interpretation of the statutes that the appellants' action was barred because the decedent was an adult and had a daughter. Consequently, as the Gapasins' attorney conceded at oral argument, the Gapasins did not argue, and made no factual showing, that there was no genuine issue as to a material fact, including the the fact of the appellants' dependency upon the decedent for support.

The grant of summary judgment may be sustained upon different grounds than those relied upon by the trial court where those grounds are established by the pleadings and are supported by the proof and are based upon uncontroverted facts in the record. *Wendle v. Farrow,* 102 Wn.2d

380, 382, 384, 686 P.2d 480 (1984). In the instant case, however, the respondents, as the moving party, failed to meet their initial burden of showing that no genuine material factual issue existed and that they were entitled to a judgment as a matter of law. *Hartley v. State, supra; Hostetler v. Ward, supra.* "[I]f the moving party does not sustain its burden of demonstrating, by offering evidence or otherwise, that it is entitled to judgment as a matter of law, summary judgment should not be granted, . . ." *Hostetler v. Ward, supra* at 347, "irrespective of whether the non-moving party has submitted affidavits or other materials", *Sea Farms, Inc. v. Foster & Marshall Realty, Inc.,* 42 Wn. App. 308, 311, 711 P.2d 1049 (1985), *review denied,* 105 Wn.2d 1010 (1986).

The assumption underlying the general rule permitting an appellate court to affirm the grant of summary judgment upon a correct, alternative ground not considered by the trial court "'is, of course, that the parties had a full and fair opportunity to develop facts relevant to the decision. Where this opportunity has not been available, the proper resolution of the appeal is not affirmance but remand.'" *Bernal v. American Honda Motor Co.,* 87 Wn.2d 406, 414, 553 P.2d 107 (1976) (quoting *Heirs of Fruge v. Blood Servs.,* 506 F.2d 841, 844 n.2 (5th Cir. 1975)).

Here the Gapasins did not in fact meet their initial burden of showing that no genuine material factual issue existed. Further, before the entry of the summary judgment order on April 16, 1987, the only affidavits of the Masunagas regarding their alleged dependency upon the decedent which were before the trial court were unsigned "draft" affidavits, although the Masunagas' signed affidavits were filed before the trial court's order denying the Masunagas' reconsideration motion was entered on May 20, 1987.

The record which was before the trial court when it decided the summary judgment motion indicates that the parties did not have a full and fair opportunity to develop the facts related to the dependency issue such that this factual issue should be decided as a matter of law by an

70

appellate court. *Bernal v. American Honda Motor Co.,* *supra.*

Accordingly, we reverse and remand without prejudice to the respondents' right to renew their summary judgment motion.

SCHOLFIELD, C.J., and WINSOR, J., concur.