88 P.3d 939 (2004)
151 Wash.2d 376
Zoe PHILIPPIDES, as personal representative of the Estate of Yianni Philippides, Deceased, and Kathryn and George Philippides, wife and husband, Respondents,
v.
Robert BERNARD, and Wolverine World Wide, Inc., a Delaware corporation, Appellants, and
Robert Johns, Defendant.
Gary Anderson and Amelia Anderson, husband and wife, Appellants,
v.
Galvin Flying Service, Inc., a Washington corporation, Respondent.
John D. Carlisle (deceased), single man by and through Delbert D. Carlisle as the personal representative of his estate; and Delbert D. Carlisle and Myrna Carlisle, individually, Appellants,
v.
Group Health Cooperative of Puget Sound and Unknown John Does, Respondents.
Nancy Loomis, et al., Plaintiffs,
v.
City of Puyallup Police Department, et al., Defendants.
Nos. 73239-6, 73603-1, 73736-3, 74098-4.
Supreme Court of Washington.
Argued November 13, 2003.
Decided April 22, 2004.
As Amended May 4, 2004.
*941 Thorsrud Cane & Paulich, Russell Love, Mark Nels Thorsrud, Seattle, Clausen Miller, James Ferrini, Chicago, II., Andrew Dimmock, Bellevue, for Appellants.
G. Val Tollefson, Katherine See Kennedy, Barbara Mahoney, Danielson Harrigan Leyh & Tollefson LLP, Arnold R. Hedeen, Hedeen & Caditz, Stewart Andrew Estes, Keating Bucklin & McCormack, David Merritt Beninger, Paul Nicholas Luvera, Patricia E. Anderson, Luvera Barnett Brindley Beninger et al, Michael Thomas Pfau, Gordon Thomas Honeywell, Seattle, Lewis Lynn Ellsworth, Gordon Thomas Honeywell, Tacoma, for Other Party, Counsel from Consolidated case.
Philip Albert Talmadge, Talmadge Law Group PLLC, Tukwila, William Scherer Bailey, C. Steven Fury, Fury Bailey, Seattle, Gary Neil Mclean, City of Puyallup Legal Dept., Puyallup, Mary H. Spillane, William Kastner & Gibbs, Rando Berry Wick, Robin Jan Mar, Johnson Graffe, Keay Moniz & Wick LLP, Seattle, for Respondents.
Timothy R. Gosselin, Tacoma, for Amicus Curiae Association of Washington Cities & City of Tacoma.
Michael Simpson Rogers, Reed McClure, Seattle, for Amicus Curiae Washington Defense Trial Lawyers.
Bryan Patrick Harnetiaux, Debra Leigh Williams Stephens, Spokane, for Amicus Curiae Washington State Trial Lawyers Association Foundation.
*940 IRELAND, J.
In these four consolidated cases the court must determine whether the legislature has eliminated the requirement that parents of an adult child must be financially dependent on the adult child in order to recover for loss of consortium under RCW 4.24.010, the child injury/death statute. We hold that RCW 4.24.010 requires such financial dependence.

FACTS
Philippides v. Bernard, No. 73239-6
Ianni Philippides was a 22-year-old unmarried man when he was struck by a car and killed. His sister, as personal representative of his estate, filed a wrongful death action under RCW 4.20.010. Philippides' parents brought an action for loss of consortium under RCW 4.24.010. Defendants and plaintiffs cross-moved for summary judgment on the issue of whether the parents, who had not been financially dependent on their deceased adult son, could recover damages. The trial court ruled that the parents had a loss of consortium claim under RCW 4.24.010. The jury awarded economic damages of $891, 809 to the estate, and $900,000 to each parent for loss of consortium. Defendants Bernard seek direct review of the trial court's ruling on the parents' eligibility *942 to recover under RCW 4.24.010. They also seek review of the trial court's decision to allow testimony by the plaintiffs' vocational rehabilitation expert witness.
Anderson v. Galvin Flying Services, Inc., No. 73603-1
Jon Anderson was 37 years old when he died in a plane crash. The plane allegedly malfunctioned because of faulty preflight service done by Defendant Galvin. Anderson's wife and children recovered damages under RCW 4.20.010, .020. Anderson's parents' claim for damages for loss of consortium under RCW 4.24.010 was dismissed pretrial. Anderson's parents appeal the dismissal of their claim. Anderson's parents also appeal the trial court's refusal to admit into evidence certain documents relating to the investigation of the accident.
Carlisle v. Group Health, No. 74098-4
John Carlisle was a 39-year-old unmarried man when he died from an aortic aneurysm, two days after he was examined and discharged by Group Health with instructions to follow up with his regular doctor. John Carlisle had cerebral palsy and lived with his parents.
John's parents sought damages for loss of consortium under RCW 4.24.010, the wrongful death and survival statutes. The trial court dismissed the Carlisles' claims. The Carlisles sought review in this court.
Loomis v. City ofPuyallup, No. 73736-3
Kelly Loomis was a 34-year-old unmarried man who suffered from schizophrenia. Loomis died following a struggle with the police during a schizophrenic episode. Plaintiffs alleged the police used excessive force.
Loomis's parents filed causes of action against defendants in federal district court under RCW 4. 24.010, and also under the wrongful death and survival statutes, RCW 4.20.020 and RCW 4.20.060. Defendants moved to dismiss the claims. The federal district court stayed the matter and certified to this court the following question: "Must a parent of an adult child have been financially dependent upon that child as a condition precedent to commencing suit for the child's injury or death pursuant to Washington's wrongful death and survival statutes: RCW 4.24.010; RCW 4.20.010; RCW 4.20.020; and/or RCW 4.20.060?" Order of Certification at 2.

ISSUES
1. Does RCW 4.24.010 permit the parent of an adult child to recover damages for loss of consortium when the parent was not financially dependent on the child?
2. Should this court recognize a common law cause of action for loss of consortium on behalf of parents of an adult child injured or killed by a negligent defendant?
3. Does RCW 4.24.010's requirement of dependency for parents of adult children violate the equal protection clause of the United States constitution or the privileges and immunities clause of our state constitution?
4. Did the trial court abuse its discretion in allowing the testimony of the plaintiffs' vocational rehabilitation expert?

ANALYSIS
The plaintiffs belowPhilippides, Anderson, Loomis, and Carlisleargue that the legislature's 1998 amendment to RCW 4.24.010 redefined who can bring a cause of action under that statute and that the amendment allows the parent of an adult child to recover upon a showing of emotional support upon the child.
The defendants below, on the other hand, contend that the 1998 amendment only affected RCW 4.24.010's requirement regarding parental support for minor children, and left unchanged the long-standing requirement in the statute of financial dependence for parents of adult children in order to recover. First we examine the language of the statute and its legislative history.
1. Does RCW 4.24.010 permit the parent of an adult child to recover damages for loss of consortium when the parent was not financially dependent on the child?
Statutory interpretation is a matter of law reviewed de novo. State v. Keller, 143 *943 Wash.2d 267, 276, 19 P.3d 1030 (2001). The goal of statutory interpretation is to carry out the intent of the legislature. Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wash.2d 1, 6, 721 P.2d 1 (1986). When the statutory language is unclear and ambiguous, the court may review legislative history to determine the scope and purpose of the statute. Wash. Fed'n of State Employees v. State, 98 Wash.2d 677, 684-85, 658 P.2d 634 (1983).
RCW 4.24.010, as amended in 1998, provides, in part:
A mother or father, or both, who has regularly contributed to the support of his or her minor child, and the mother or father, or both, of a child on whom either, or both, are dependent for support may maintain or join as a party an action as plaintiff for the injury or death of the child.
The legislature also added an intent section to RCW 4.24.010 in 1998. That section reads in full:
It is the intent of this act to address the constitutional issue of equal protection addressed by the Washington state supreme court in Guard v. Jackson, 132 Wash.2d 660, 940 P.2d 642 (1997). The legislature intends to provide a civil cause of action for wrongful injury or death of a minor child to a mother or father, or both, if the mother or father has had significant involvement in the child's life, including but not limited to, emotional, psychological, or financial support.
Laws of 1998, ch.237, § 1.
The intent section plainly indicates that the amendment is limited to minor children. The intent section specifies that the parent of a minor child must have "significant involvement" in the child's life in order to recover. The section then goes on to identify what constitutes "significant involvement." Rather than defining "support," the intent section provides a definition of "significant involvement." Emotional support is one form of the significant involvement required of parents of minor children in order to bring a civil action for wrongful injury or death of a minor child.
Moreover, the intent section states that the "legislature intends to provide a civil cause of action for wrongful injury or death of a minor child." Laws of 1998, ch.237, § 1. There is no mention of adult children in the intent section.
However, the plaintiffs argue that the intent section contains a new definition of the word "support," which applies to both minor and adult children. They argue that the intent section defines "support" as meaning significant involvement in the child's life, which can be established by emotional support. This definition, they argue, must apply to both minor and adult children because when the same word is used in different parts of the same statute, it is presumed that the legislature intends the word to have the same meaning. Welch v. Southland Corp., 134 Wash.2d 629, 636, 952 P.2d 162 (1998) (consistent use of "fault" throughout tort statute).
Applying the plaintiffs' definition of the word "support" to both minor and adult children in the statute would result in redefining who has standing to sue under the statute. This approach would create two classes of parent beneficiaries: (1) a parent who demonstrates he or she had "regularly contributed to the support of his or her minor child," and (2) a parent who is dependent upon the child for "support," such as emotional support. In other words, the plaintiffs contend that the legislature changed the status of parents of adult children without mentioning "adult children." There is no basis upon which we can construe the amendment as applying to causes of action for adult children.
If the legislature had intended this change to include adult children, the legislature would have said so. The court "will not assume that the Legislature intended to effect a significant change in the law by implication." Schumacher v. Williams, 107 Wash. App. 793, 801, 28 P.3d 792 (2001) (citing State v. Strauss, 119 Wash.2d 401, 418, 832 P.2d 78 (1992)).
The legislature created a two-tier system of beneficiaries in the wrongful death and survival statutes. On the first tier are the spouse and children of the decedent. On the *944 second tier are the decedent's parents and siblings. Second tier beneficiaries are entitled to recover only if there are no first tier beneficiaries. All parents who claim to be dependent on their children's love would be able to recover under RCW 4.24.010 on an equal footing with the spouse and children of the decedent, the first tier beneficiaries under RCW 4.20.010.
We must attempt to harmonize statutes pertaining to the subject matter and maintain the integrity of the statutes within the overall statutory scheme. State v. Wright, 84 Wash.2d 645, 650, 529 P.2d 453 (1974). The plaintiffs' proposed construction would create disharmony in Washington's statutory wrongful death and survival statutory scheme. Washington's four interrelated statutory causes of action for wrongful death and survival each require that parents be "dependent for support" on a deceased adult child in order to recover. See RCW 4.20.010 (child injury/death); RCW 4.20.020(wrongful death); RCW 4.20.046 (general survival statute); RCW 4.20.060 (special survival statute).
The phrase "dependent for support" as used in these statutes has consistently been interpreted by the courts to mean financial dependence. See, e.g., Bortle v. Nor. Pac. Ry. Co., 60 Wash. 552, 111 P. 788 (1910); Tait v. Wahl, 97 Wash.App. 765, 987 P.2d 127 (1999); Schumacher, 107 Wash.App. at 802, 28 P.3d 792. The plaintiffs urge this court to harmonize the statutes by construing "support" in each of these statutes as emotional support. They argue that the financial dependency requirement has been eliminated not only in RCW 4.20.010, but also by implication in the other wrongful death and survival statutes. This construction is not warranted because the 1998 amendment to RCW 4.24.010, which the legislature clearly indicated was intended to address the equal protection issue in the Guard, decision, concerned solely causes of action for minor children.
The Guard decision (referred to in the intent section), addressed the former statute's requirement that the father, but not the mother, of an illegitimate child must have regularly contributed to the support of the minor child in order to recover for the wrongful death of that child.
In Guard, the father of the deceased minor child sought to join the mother's wrongful death action under RCW 4.24.010. Guard v. Jackson, 83 Wash.App. 325, 921 P.2d 544 (1996), aff'd, 132 Wash.2d 660, 940 P.2d 642 (1997). The mother objected to the father joining as plaintiff, asserting that the father rarely paid the court-ordered child support for the child. The father argued that the statute's requirement violated equal protection because it was imposed on fathers but not on mothers. The father also argued that the statute's requirement of support did not refer to child support payments but instead meant love, affection, concern for the child's well being, and the duty to provide social and moral guidance. Guard, 83 Wash. App. at 329, 921 P.2d 544.
The Court of Appeals agreed that the statute violated equal protection guaranties. The court severed the support requirement from the statute and ordered the trial court to reinstate the father as a party to the wrongful death action. Guard, 83 Wash.App. at 334, 921 P.2d 544. In addition, the court pointed out that the legislature had not defined what kind of support the parent of a minor child must provide so it was up to the court to construe the statute. The court held that RCW 4.24.010's support requirement referred to contributing "regularly to the child's material well-being." Guard, 83 Wash.App. at 329, 921 P.2d 544.
This court affirmed, stating that RCW 4.24.010's support provision violated the equal rights amendment because there was no actual difference between the sexes that justified imposing the support limitation on fathers and not on mothers. Guard, 132 Wash.2d at 667, 940 P.2d 642.
The plaintiffs argue the 1998 legislature went beyond just fixing Guard's equal protection problem because that problem could have been remedied by simply deleting the provision that required unwed fathers to make a support showing. However, the Guard decision stripped the support provision from the statute. In order to restore the requirement of support, the legislature was required to create a new one. In addition, the legislature identified what kind of *945 support the parent of a minor must provide in order to recover, which the Court of Appeals had noted was missing from the prior statute. The creation of a new support requirement for parents of minors does not indicate that the legislature went beyond Guard. To the contrary, this is just what the Guard decision required.
Our review of the documents prepared by the legislature in the course of proposing and adopting the 1998 amendments to the statute indicates that the legislature intended to deal only with the Guard decisions and the cause of action for a minor child. For example, the floor notes reflect that the amendment applied only to minor children:
Summary of Bill: The Legislature intends to provide either parent with a civil cause of action for injury or death of a minor child if the parent has had significant involvement in the child's life, including but not limited to, emotional, psychological, or financial support. The wrongful death statute is amended to provide that a mother or father or both, who has regularly contributed to the support of his or her minor child may bring an action for the injury or death of the child.
Clerk's Papers (CP) at 66-67 (House Bill Analysis) (emphasis added). Similarly, the floor notes of Substitute Senate Bill 6153 stated that the bill proposed an amendment "to require that an action for the injury or death or a minor child can only be maintained by a mother or father, or both, who has regularly contributed to the support of his or her minor child." CP at 50 (SSB 6153-FLOOR NOTES) (emphasis added). Nowhere in the legislative documents prepared in conjunction with the proposed amendments is there any mention of adult children. The references are limited to minor children.
The language of the statute and the legislative history does not support the conclusion that the requirement of financial dependency on adult children was addressed or changed by the 1998 amendments. We hold that RCW 4.24.010 requires that parents be financially dependent on an adult child in order to recover for that child's injury or death.
2. Should this court recognize a common law cause of action for loss of consortium on behalf of parents of an adult child injured or killed by a negligent defendant?
The plaintiffs urge the court to adopt a common law cause of action for loss of consortium for parents of adult children. The plaintiffs point out that the statute's preclusion of claims by nonfmancially dependent parents of adult children is based on outdated notions of the parent-child relationship. The plaintiffs contend that the present-day parent-child relationship is vastly different from the type of parent-child relationship that prompted the financial dependency rule and that the court should adopt a right of recovery that reflects current social norms.
The origin of the consortium action at common law, including filial consortium, was the right of the master to recover for tortious injury to his servant, since the loss of the servant's services would result in a financial injury to the master. Frank v. Superior Court of Arizona, 150 Ariz. 228, 231, 722 P.2d 955 (1986). At common law, the child was also relegated to the role of a servant. A child, like a servant, was thought to be solely an economic asset of the family because he was another source of income. As originally enacted in 1881, Washington's injury/death of a child statute provided that the measure of damages for the death of a child is "the value of the child's services from the time of the injury until he would have attained the age of majority, taken in connection with his prospects in life, less the cost of his support and maintenance." Hedrick v. Ilwaco Ry. & Navigation Co., 4 Wash. 400, 404, 30 P. 714 (1892), overruled in part on other grounds by Lockhart v. Besel, 71 Wash.2d 112, 426 P.2d 605 (1967). Damages were awarded according to the economic value of the minor child to the parents.
A number of courts have recognized that today, children are valued for their society and companionship rather than their financial contributions. Frank, 722 P.2d at 958. These courts have expanded their common law actions to allow recovery for adult children regardless of financial dependence. *946 See, e.g., Masaki v. Gen. Motors Corp., 71 Haw. 1, 780 P.2d 566 (1989).
For example, in Frank the court recognized a common law cause of action for the parents' loss of consortium in the death of an adult child. The Frank court noted that under modern practice a parent's action is intended to compensate the parent for the emotional loss. Frank, 722 P.2d at 959. The court observed that a majority of states allow parents recovery for loss of companionship and society in a wrongful death action. Frank, 722 P.2d at 957 n. 5. The court coijcluded,39() "Why should the parents of an injured seventeen-year-old be allowed to recover for loss of consortium, but not the parents of an injured eighteen year old? We can divine no adequate answer based on law or logic." Frank, 722 P.2d at 961.
This court does not hesitate to expand the common law and recognize a cause of action when justice requires. Ueland v. Pengo Hydra-Pull Corp., 103 Wash.2d 131, 136, 691 P.2d 190 (1984). However, unlike the actions in Frank and Ueland, the cases before this court are governed by statute. Frank and Ueland dealt with the expansion of damages within the common law framework, while the plaintiffs here ask that we adopt a common law cause of action which would directly conflict with existing statutes.
The "courts of this state have long and repeatedly held, causes of action for wrongful death are strictly a matter of legislative grace and are not recognized in the common law." Tait, 97 Wash.App. at 771, 987 P.2d 127. The legislature has created a comprehensive set of statutes governing who may recover for wrongful death and survival, and there is no room for this court to act in that area. Windust v. Dep't. of Labor & Indus., 52 Wash.2d 33, 36, 323 P.2d 241 (1958). "It is neither the function nor the prerogative of courts to modify legislative enactments." Anderson v. Seattle, 78 Wash.2d 201, 202, 471 P.2d 87 (1970).
The legislature has identified the statutory beneficiaries. While we may agree that the value parents place on children in our society is no longer associated with the child's ability to provide income to the parents, the legislature has defined who can sue for the wrongful death and injury of a child and we cannot alter the legislative directive. The change the plaintiffs seek must come from the legislature rather than this court.
3. Does RCW 4.24.010's requirement of dependency for parents of adult children violate the equal protection clause of the United States constitution or the privileges and immunities clause of our state constitution?
The plaintiffs argue that allowing financially dependent parents of adult children to recover, while prohibiting recovery by nondependent parents of adult children, violates the equal protection clause of the United States. Constitution and the privileges and immunities clause (article I, section 12) of the Washington Constitution. The plaintiffs also argue that the statute's distinction between minor children and adult children violates the same constitutional provisions.
In reviewing a statute, this court will construe a statute as constitutional if at all possible. State ex rel. Faulk v. CSG Job Center, 117 Wash.2d 493, 816 P.2d 725 (1991). The statute is presumed constitutional and the party challenging it has a heavy burden of proof. Cosro, Inc. v. Liquor Control Bd., 107 Wash.2d 754, 760, 733 P.2d 539 (1987).
The standard of review in a case that does not employ suspect classification or fundamental right is rational basis, also called minimal scrutiny. Masunaga v. Gapasin, 57 Wash.App. 624, 632, 790 P.2d 171 (1990). Under the rational basis test the court determines (1)whether the legislation applies alike to all members of the designated class, (2) whether there are reasonable grounds to distinguish between those within and those without the class, and (3) whether the classification has a rational relationship to the purpose of the legislation. Convention Ctr. Coalition v. City of Seattle, 107 Wash.2d 370, 378-79, 730 P.2d 636 (1986).
The plaintiffs' constitutional arguments are essentially the same constitutional arguments rejected in Masunaga. As the Masunaga court pointed out, RCW 4.24.010 treats all persons in each category of beneficiaries the same. Masunaga, 57 Wash.App. at 632, 790 *947 P.2d 171. Therefore, the statute complies with the first prong of the rational basis test.
The second prong requires there be a reasonable basis for distinguishing between parents who are financially dependent on their adult children and parents who are not so dependent. The one challenging the classification must overcome a presumption that the classification is reasonable. Skagit Motel v. Dep't of Labor & Indus., 107 Wash.2d 856, 860, 734 P.2d 478 (1987).
Obviously a parent who is dependent on a child for material well-being and the basic physical necessities of life is impacted in a way unlike an independent parent. As to distinguishing the parents of minor children from the parents of adult children, the need for love and guidance, as well as financial support, is a generational characteristic of minor children. Different considerations apply to adult children. Therefore, there is a reasonable basis for the classification.
As to the last prong, the one challenging the statute must "show conclusively that the classification is contrary to the legislation's purposes." Yakima County Deputy Sheriffs Ass'n v. Bd. of Comm'rs, 92 Wash.2d 831, 836, 601 P.2d 936 (1979). The purpose of the child death/injury statute is to compensate parents for the loss of a child. The limitations placed on parents relate to the statute's attempt to compensate those parties most directly and significantly affected. While the lines drawn in RCW 4.24.010 will obviously preclude recovery for many parents devastated by the loss of an adult child, a statute is not unconstitutional for failing to "`attack every aspect of a problem.'" Masunaga, 57 Wash.App. at 634, 790 P.2d 171 (quoting Yakima County, 92 Wash.2d at 836, 601 P.2d 936). The lines drawn by RCW 4.24.010 bear a rational relationship to the purpose of the statute. We hold the statute does not violate the constitutional guaranty of equal protection.
Plaintiffs also argue that to the extent that Washington generally recognizes a cause of action for a parent's loss of consortium with a minor child if the parent has significant involvement in the child's life, and recognizes a cause of action for parental loss of consortium if the parent is financially dependent upon the child, the legislature has conferred a special privilege on a select class of parents without reasonable grounds.
Once again, legitimate differences between the groups provide a reasonable basis for treating the groups differently. The legislature does not require parents to support their adult children financially, or in any other way. Society does not hold parents responsible for the actions of their adult children. Many of the strictures binding children to their parents are released when the child reaches the age of majority. Therefore, there is a reasonable basis for the statute's treating the parents of adult children differently from parents of minor children.
RCW 4.24.010 does not confer a special privilege on parents of minor children or on financially dependent parents of adult children. There is a rational basis for the restrictions contained in the statute.
4. Did the trial court abuse its discretion in allowing the testimony of Plaintiff Philippides' vocational rehabilitation expert?
Defendants Bernard and Wolverine contend that the trial court erred in allowing the expert testimony of Plaintiff Philippides' vocational rehabilitation consultant. Trial courts have broad discretion in determining the admissibility of expert testimony under ER 702, and a trial court's decision should not be disturbed absent an abuse of that discretion. Myers v. Harter, 76 Wash.2d 772, 781, 459 P.2d 25 (1969). An expert's opinion is admissible if the witness is properly qualified, relies on generally accepted theories, and the expert's testimony is helpful to the trier of fact. State v. Allery, 101 Wash.2d 591, 596, 682 P.2d 312 (1984). We construe helpfulness to the trier of fact broadly. Miller v. Likins, 109 Wash.App. 140, 148, 34 P.3d 835 (2001). In this case, we cannot say that the trial court abused its discretion in admitting the testimony of the plaintiffs vocational expert. We hold that the testimony was properly admitted.

CONCLUSION
We reverse the trial court's ruling in the Philippides case that the parents of Ianni *948 Philippides may recover under RCW 4.24.010 without a showing of financial dependency upon their deceased son. We affirm the trial courts' dismissals in the Carlisle and Anderson cases.[1] We answer the certified question in the Loomis case in the affirmative.
ALEXANDER, C.J., JOHNSON, MADSEN, BRIDGE, OWENS and FAIRHURST, JJ., concur.
CHAMBERS, J. (dissenting).
Our legislature allows parents to recover from those who wrongfully cause the deaths of their children, with the reasonable exception of those parents who had no significant relationship with their children. Since the majority excludes more parents than did the legislature, I respectfully dissent.
The personal representative of a tort victim's estate may bring an action on behalf of certain beneficiaries. The legislature has created two tiers of beneficiaries. In the first tier are the victim's spouse and children, who may always be the beneficiaries of a wrongful death action. RCW 4.20.020. In the second tier are the victim's parents and siblings, but only when there are no first tier beneficiaries and when they are dependent on the victim for support. RCW 4.20.020. This has been the law; this remains the law.
Separately, parents have long been able to bring their own action for the death or injury of their child under a separate statute, so long as either the child contributed to the support of the parents or the parents contributed to the support of the child. RCW 4.24.010. Prior to 1998, this statute did not define "support," but we had interpreted it to mean financial support. E.g., Warner v. McCaughan, 77 Wash.2d 178, 185, 460 P.2d 272 (1969). After this court invalidated a portion of RCW 4.24.010 for violating equal protection, the legislature amended it to cure the constitutional deficiency. See Laws of 1998, ch. 237. The legislature also stated its intent to broaden the definition of support to include emotional and psychological support and significant involvement in the child's life. Laws of 1998, ch. 237;[1]Guard v. Jackson, 132 Wash.2d 660, 940 P.2d 642 (1997). This broadening of the definition of support should not be limited to minor children. Under standard rules of construction, the same words used in the same sentence and the same statute are given the same meaning. This court should apply this legislative definition of "support" throughout the amended statute. Accordingly, parents who have significant involvement in their child's life should be able to recover for loss of filial consortium with that child. This properly values the lives of these children, while preventing a windfall to parents who have no significant relationship with their children. Cf. In re Estate of Fleming, 143 Wash.2d 412, 21 P.3d 281 (2001) (denying inheritance rights to biological family when parent had legally severed relationship with child).
The trial court in Philippides properly ruled that the new definition of "support" applies to both minor and adult children. I would hold that 1998 amendment to RCW 4.24.010 applies to RCW 4.24.010 but does not apply to the "two-tier" wrongful death and survival statutes found in chapter 4.20 RCW.
Accordingly, I respectfully dissent.
NOTES
[1] Because of our disposition of the case, we need not reach the evidentiary issues raised by Appellants Anderson.
[1] It is the intent of this act to address the constitutional issue of equal protection addressed by the Washington state supreme court in Guard v. Jackson, 132 Wash.2d 660, 940 P.2d 642 (1997). The legislature intends to provide a civil cause of action for wrongful injury or death of a minor child to a mother or father, or both, if the mother or father has had significant involvement in the child's life, including but not limited to, emotional, psychological, or financial support.

LAWS OF 1998, ch. 237, § 1 (statement of legislative intent).