268 P.3d 1027 (2012)
BettyJean TRIPLETT, and Kevin Smith as Personal Representatives of the Estate of Kathleen Gail Smith; BettyJean Triplett, individually; and Kevin Smith, individually, Respondents,
v.
WASHINGTON STATE DEPARTMENT OF SOCIAL & HEALTH SERVICES; Washington State Department of Social & Health Services Division of Developmental Disabilities; Washington State Department of Social & Health Services Aging & Disability Services Administration; Lakeland Village; Washington State Department of Social & Health Services Secretary Robin Arnold-Williams; Washington State Department of Social & Health Services Director Linda Rolfe; Michael Noland, an individual, Petitioners.
No. 29368-8-III.
Court of Appeals of Washington, Division 3.
February 2, 2012.
*1028 Jarold Phillip Cartwright, Atty. General's Office, Tort Division, Carl Perry Warring, Washington State Aty. General, Spokane, WA, for Petitioners.
Mark Douglas Kamitomo, The Markam Group Inc. PS, Spokane, WA, for Respondents.
BROWN, J.
¶ 1 The Washington State Department of Social and Health Services and the Division *1029 of Developmental Disabilities, Aging and Disability Services Administration, the Secretary, Robin Arnold-Williams, the Director, Linda Rolfe, Lakeland Village, and Michael Noland (collectively DSHS) seek on discretionary review to overturn the trial court's denial of their dismissal motion brought against BettyJean Triplett and Kevin Smith, respondents. Respondents sued DSHS under RCW 4.20.020, RCW 4.20.046 and/or RCW 4.24.010, Washington's wrongful death, survival, and wrongful death of a child statutes concerning Kathleen Smith's drowning death at DSHS's developmentally disabled residential care facility, Lakeland Village. Respondents lack standing to sue under the statutes because Ms. Smith, though mentally disabled, was a 52-year old adult at the time of her death and respondents were not dependent on her for support. Accordingly, we reverse the trial court and summarily dismiss this suit.

FACTS
¶ 2 Ms. Smith was born in 1953 and was apparently developmentally disabled from birth. She has resided at Lakeland Village since 1967. Ms. Smith had been diagnosed with profound mental retardation and functioned at the mental age of five to six years old. She was diagnosed with a seizure disorder and therefore, Lakeland Village implemented a care plan requiring staff "visual supervision (within arms [sic] reach)." Clerk's Papers (CP) at 64. In March 2006, contrary to the care plan, Mr. Noland, a Lakeland Village attendant caring for Ms. Smith, left her unattended while she was taking a bath and she drowned. At the time of her death, Ms. Smith was 52 years old. She had never been married and had no children.
¶ 3 Ms. Smith's mother, Ms. Triplett, and brother, Mr. Smith, frequently and routinely visited her during the decades she resided at Lakeland Village. It is undisputed that neither Ms. Triplett nor Mr. Smith, nor any other person was dependent on Ms. Smith for support. After Ms. Smith's death, Ms. Triplett and Mr. Smith were appointed co-personal representatives of Ms. Smith's estate. In May 2009, they sued DSHS, individually and on behalf of the estate, seeking damages for economic and non-economic losses, including Ms. Smith's pre-death pain and suffering under Washington's wrongful death and survival statutes.[1]
¶ 4 DSHS unsuccessfully moved to dismiss respondents' claims[2] on grounds that under Washington law, the wrongful death (RCW 4.20.020), survival (RCW 4.20.046), and wrongful death of child (RCW 4.24.010) statutes do not provide parents or siblings of an adult standing to sue for damages, other than net economic loss to the estate of the deceased, unless the parent or sibling was dependent on the deceased for financial support. In September 2010, pursuant to RAP 2.3(b)(4), the trial court certified this appeal to address:
Whether RCW 4.20.020 applies to limit and exclude potential beneficiaries of a 52 year old decedent who was mentally disabled from birth with a mental age of 8 at the time of death.
CP at 136. This court granted discretionary review.

ANALYSIS

A. RCW 4.20.020 Standing
¶ 5 The issue is whether the trial court erred in denying DSHS's dismissal motion of respondents' wrongful death claims under RCW 4.20.020 based on lack of standing. DSHS contends the statute's plain language precludes recovery by nondependent parents or siblings of a decedent. We agree.
¶ 6 We review de novo a trial court's order denying summary judgment, engaging in the same inquiry as the trial court. Masunaga v. Gapasin, 52 Wash.App. 61, 68, 757 P.2d 550 (1988). When considering a summary judgment motion, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. Lybbert v. Grant County, 141 Wash.2d 29, *1030 34, 1 P.3d 1124 (2000). Summary judgment is proper if no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. CR 56(c). Here, no material facts are in dispute, and the court is presented with a pure question of law concerning the applicability of RCW 4.20.020, RCW 4.20.046 and RCW 4.24.010.
¶ 7 Statutory interpretation is a question of law reviewed de novo. Beggs v. Dep't of Soc. & Health Servs., 171 Wash.2d 69, 75, 247 P.3d 421 (2011). When interpreting a statute, a court's fundamental objective is to ascertain and carry out the legislature's intent. State v. Jacobs, 154 Wash.2d 596, 600, 115 P.3d 281 (2005). "[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wash.2d 1, 9-10, 43 P.3d 4 (2002).
¶ 8 Under Washington law, wrongful death actions are strictly governed by statute. Atchison v. Great W. Malting Co., 161 Wash.2d 372, 166 P.3d 662 (2007). When the death of a person is caused by the wrongful act, neglect or default of another, the decedent's personal representative may maintain an action for damages. RCW 4.20.010. RCW 4.20.020 defines the beneficiaries of such a wrongful death action. First, it specifies that the action is for the benefit of the husband, wife, state registered domestic partner, or children of the decedent. RCW 4.20.020. Then it provides if the decedent leaves no surviving husband, wife, state registered domestic partner, or children, the "action may be maintained for the benefit of the parents, sisters, or brothers, who may be dependent upon the deceased person for support." RCW 4.20.020 (emphasis added).
¶ 9 The statute is inescapably plain. DSHS correctly contends; "Ms. Triplett and Mr. Smith may recover only if there are no first tier beneficiaries (husband, wife, state registered domestic partner or child) and only if, as the surviving parent and sibling, they were dependent on Kathleen Smith for financial support." Br. of Petitioner at 7. Ms. Smith was not married and had no children. It is undisputed that respondents were not dependent on Ms. Smith for financial support. Respondents unpersuasively argue the legislature could not have intended for RCW 4.20.020 to require parents and siblings to show financial dependence upon the decedent where, because of mental disability, the decedent was incapable of providing support. But, as noted, the statute as written plainly does not apply to these facts. Accordingly, respondents do not have standing to sue under RCW 4.20.020.
¶ 10 Moreover, Ms. Smith's disability, in any event, is inconsequential because she did not support her mother and brother. The legislature has declined to include nondependent parents and siblings as beneficiaries under RCW 4.20.020. Schumacher v. Williams, 107 Wash.App. 793, 805, 28 P.3d 792 (2001) (Ellington, J., concurring), review denied, 145 Wash.2d 1025, 41 P.3d 484 (2002); Philippides v. Bernard, 151 Wash.2d 376, 390, 88 P.3d 939 (2004).
¶ 11 Given all, we conclude the trial court erred in failing to summarily dismiss respondents' cause of action under RCW 4.20.020.

B. Access to Courts
¶ 12 The issue is whether RCW 4.20.020's limitation on beneficiaries unconstitutionally restricts a decedent's access to the courts.
¶ 13 Respondents cite the United States Constitution, Title II of the Americans with Disabilities Act, and the Washington State Constitution for the rule that individuals shall have access to the courts. They concede that under the above interpretation of RCW 4.20.020, where no statutory beneficiaries exist, the decedent's estate can recover only the decedent's prospective net accumulations.
¶ 14 Respondents argue "the only reasonable conclusion one can draw" is that "[t]he phrase `net accumulations' presumes that the decedent had the ability over a normal life span to earn an income." Br. of Respondents at 14. Accordingly, they argue because Ms. Smith was not capable of working and thus could not have acquired net accumulations, she would have no damages and, "[t]herefore, she would effectively be denied *1031 her Constitutional Right of Access to the Court." Id.
¶ 15 DSHS aptly replies, the statute "does not purport to provide a cause of action or access to the courts to the deceased person. The statute provides [a] remedy to the personal representative of the deceased's estate, who may pursue causes of action on behalf of the heirs specified in the statute." Reply Br. of Appellant at 9. "Since a person who is dead cannot pursue an action, it is absurd to suggest that the wrongful death statute unlawfully restricts their access to the courts." Id. Accordingly, we conclude respondents' access-to-courts argument has no merit. To the extent the trial court may have relied on access-to-courts arguments, it erred.

C. RCW 4.20.046 Applicability
¶ 16 The trial court denied DSHS's summary judgment motion that included claims under the survival statute, RCW 4.20.046. While respondents did not brief the survival statute issue here, DSHS has partly appealed that denial.
¶ 17 The survival statute provides:
(1) All causes of action by a person . . . against another person . . . shall survive to the personal representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or otherwise, and whether or not such actions would have survived at the common law ...: PROVIDED, HOWEVER, That the personal representative shall only be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased on behalf of those beneficiaries enumerated in RCW 4.20.020, and such damages are recoverable regardless of whether or not the death was occasioned by the injury that is the basis for the action.
RCW 4.20.046 (emphasis added). As discussed, respondents are not beneficiaries as enumerated in RCW 4.20.020. As DSHS contends, if no statutory beneficiaries exist, damages in a survival claim under RCW 4.20.046 are limited to the "prospective net accumulations" of the decedent. Br. of Petitioner at 9 (citing Tait v. Wahl, 97 Wash.App. 765, 774-75, 987 P.2d 127 (1999); Federated Servs. Ins. Co. v. Pers. Representative of Estate of Norberg, 101 Wash.App. 119, 126-28, 4 P.3d 844 (2000)). It is undisputed that Ms. Smith had no prospective net accumulations.
¶ 18 Accordingly, summary judgment should have been granted dismissing any claims under RCW 4.20.046. The trial court erred in not dismissing the survival claim.

D. Extension of RCW 4.20.010 by Equivalency
¶ 19 The issue is whether the trial court erred in not summarily rejecting respondents' argument that Ms. Smith in her disabled state should be considered equivalent to a minor for purposes of RCW 4.24.010, the wrongful death of a child statute. DSHS contends Ms. Triplett lacks standing under RCW 4.24.010, because Ms. Smith at age 52 was not Ms. Triplett's minor child. We agree with DSHS and therefore, reject respondents' equivalency arguments to extend RCW 4.24.010 to disabled adults.
¶ 20 RCW 4.24.010 provides:
A mother or father, or both, who has regularly contributed to the support of his or her minor child, and the mother or father, or both, of a child on whom either, or both, are dependent for support may maintain or join as a party an action as plaintiff for the injury or death of the child.
¶ 21 Notably, the parties do not address the "dependent for support" requirement, and solely focus on whether Ms. Smith's disabilities equate to minority status. As already discussed, the parties do not dispute that Ms. Triplett was not dependent on Ms. Smith for support. In any event, we turn now to whether the definition of "minor child" under the statute includes adults with mental disabilities that render them less capable than an ordinary person of their chronological age.
¶ 22 DSHS argues the meaning of "minor child" for purposes of RCW 4.24.010 refers to a child under the age of 18. It reasons because "minor" is undefined in the statute, its dictionary definition should be used:

*1032 In the absence of specific statutory definitions, courts give words their common legal or ordinary meaning. State v. Chester, 133 Wash.2d 15, 22, 940 P.2d 1374 (1997). Non-technical words are given their dictionary definition. Id. Webster's Third New International Dictionary defines minor as: "Mi-nor adj: not having reached majority."
Reply Br. of Appellant at 13-14. It continues "[u]nder Washington law, unless otherwise specifically provided, one reaches majority at 18 years of age." Reply Br. of Appellant at 14. Chapter 26.28 RCW titled "Age of majority," provides: "Except as otherwise specifically provided by law, all persons shall be deemed and taken to be of full age for all purposes at the age of eighteen years." RCW 26.28.010. And DSHS cites Burt v. Ross, 43 Wash.App. 129, 715 P.2d 538 (1986), where the court held that RCW 26.28.010 supplied the definition for "minor child" as used in RCW 4.20.010.
¶ 23 In Burt, the parents of a 20-year-old decedent argued their daughter should be considered a minor for purposes of the wrongful death statute because her death was allegedly caused as a result of being served alcohol while under the legal drinking age of 21. Burt, 43 Wash.App. at 131, 715 P.2d 538. The court rejected the parents' argument, reasoning: "[T]he linkage of the drinking age statute to the wrongful death statute is too remote to create an exception `specifically provided by law' to the age of majority of 18." Id. at 132, 715 P.2d 538.
¶ 24 Respondents argue "given her profound mental disability placing her at the age of five (5) or six (6), [Ms. Smith] would not be able to exercise the rights set forth in RCW 26.28.015[,]" so "[s]he was for all purposes, the equivalent of a minor child at the time she drowned." Br. of Respondents at 17. But the statute partly says:

Notwithstanding any other provision of law, and except as provided under RCW 26.50.020, all persons shall be deemed and taken to be of full age for the specific purposes hereafter enumerated at the age of eighteen years.
RCW 26.28.015 (emphasis added). Thus, respondents' reliance on that statute is misplaced; even if Ms. Smith would not be able to exercise any of the specific rights enumerated in RCW 26.28.015, it does not follow that she was the equivalent of a minor for "all purposes." Indeed, as discussed, a person is no longer a minor at the age of 18 "for all purposes" "except as otherwise specifically provided by law." RCW 26.28.010 (emphasis added).
¶ 25 Even though the parties point out examples where the legislature has provided exceptions to the age of majority, or addressed the meaning of dependency and urge us to analogize, no statutory or case law treats adults as minors based on their mental age. RCW 67.04.090 deals with baseball contracts and treats graduation from high school as the age of majority; RCW 11.114.010 deals with transfers to minors and uses 25 as the age of majority; and RCW 9A.44.093 defines sexual misconduct with a minor and includes some individuals up to age 21 as minors; RCW 51.08.030 for industrial insurance purposes defines "child" in specific ways depending upon age and dependency circumstances. Childers v. Childers, 89 Wash.2d 592, 575 P.2d 201 (1978) discusses the term "dependent" concerning the need for continued support in a context where the legislature replaced the "minority" reference in chapter 26.09 RCW with a reference to dependency. We find these examples unhelpful as analogies to our question, especially considering Ms. Triplett did not regularly contribute to Ms. Smith's support.
¶ 26 Given all, we conclude "minor child" for purposes of RCW 4.24.010, refers to a child under the age of 18. It is not within our power to add words to a statute. Vita Food Prods., Inc. v. State, 91 Wash.2d 132, 134, 587 P.2d 535 (1978). The legislature, not the courts, is the institution to address the public policy decision whether to extend minority status to mentally-disabled adults. While DSHS asks us to address constitutional equal protection, because we resolve this issue on statutory grounds we decline any constitutional analysis. Moreover, respondents have made no equal protection argument and did not respond to DSHS's equal protection discussion.

*1033 E. Request for Common-Law Remedy
¶ 27 The issue is whether a common-law remedy exists or should exist to allow respondents to recover for Ms. Smith's death. DSHS contends the trial court's summary judgment denial effectively created a common-law remedy beyond statutory coverage. Respondents ask us to recognize a common-law cause of action "given the Legislature's failure to provide a remedy." Br. of Respondents at 23.
¶ 28 But as "the `courts of this state have long and repeatedly held, causes of action for wrongful death are strictly a matter of legislative grace and are not recognized in the common law.'" Philippides, 151 Wash.2d at 390, 88 P.3d 939 (quoting Tait, 97 Wash.App. at 771, 987 P.2d 127). As discussed above, and despite what may appear to be a harsh result, this policy matter is for legislative not judicial decision. See Schumacher, 107 Wash.App. at 805, 28 P.3d 792; Philippides, 151 Wash.2d at 390, 88 P.3d 939. We, like the Philippides and the Schumacher courts, decline to recognize or create a common-law remedy under the facts here. To the extent the trial court's denial of summary judgment recognized one, it was in error.
¶ 29 Reversed. We grant summary judgment to DSHS on the issues addressed here.
WE CONCUR: SWEENEY and SIDDOWAY, JJ.
NOTES
[1] The complaint also alleged violations of 42 U.S.C. § 1983. While DSHS sought dismissal of those claims, they are not before us.
[2] Like the trial court, we approach this case as a summary judgment.