FILED
COURT OF APPEALS
DIVISION II

2014 SEP -3 AM 3: 22

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| EARL VERNON, individually and as Personal Representative of the ESTATE OF HENRY DAVID VERNON, | No. 44328-7-II |
| Appellant, | |
| v. | |
| AACRES ALLVEST, LLC, a Limited Liability Corp., AACRES LANDING, INC., AACRES WA, LLC, a Limited Liability Corp., and AALAN HOLDINGS, INC., | PUBLISHED OPINION |
| Respondents. | |

JOHANSON, C.J. — Earl Vernon, on behalf of his brother Henry David Vernon's estate, appeals the superior court's order granting summary judgment in favor of Aacres Allvest, LLC, Aacres Landing, Inc., Aacres WA, LLC, and Aalan Holdings, Inc. (Aacres). Earl[1] argues that (1) the superior court erred in dismissing his noneconomic damages claim under the wrongful death statute (RCW 4.20.020) because the court should have recognized a common law wrongful death cause of action, (2) the superior court erred in dismissing his economic damages claim under the general survival statute (RCW 4.20.046), (3) the superior court's dismissal of Earl's claims

---

[1] We refer to Henry David Vernon as David and his brother Earl Vernon by his first name for clarity.

violated David's constitutional right to access the court, and (4) David should be considered a minor for the purposes of the wrongful death statute.

We hold that (1) the superior court properly dismissed Earl's noneconomic damages claim under the wrongful death statute because he lacks standing as a statutory beneficiary and we cannot recognize a wrongful death common law cause of action which conflicts with the existing statutory framework, (2) the superior court erred in dismissing Earl's economic damages claim because these damages are available under the general survival statute notwithstanding the absence of qualifying statutory beneficiaries, (3) Earl's claim that the wrongful death statute is unconstitutional fails because the statute does not create a cause of action for deceased persons, and (4) Earl failed to preserve the claim that David should be considered a minor for the purposes of the wrongful death statute. Accordingly, we affirm in part and reverse in part.

## FACTS

David was born severely disabled. Because of his disabilities, David was completely dependent on others for his health and personal care needs. In 2009, David lived in a home under the care and supervision of Aacres. In late July, western Washington experienced a record-breaking heat wave. On the morning of July 29, Aacres staff member Francis Muraya found David lying unresponsive on his bedroom floor. Emergency personnel transported David to the hospital where he was pronounced dead. The cause of David's death was "exogenous hyperthermia" consistent with high core body temperature. Clerk's Papers at 188.

Earl, David's legal guardian, filed suit against Aacres under the "Abuse of Vulnerable Adults Act" (AVAA).[2] Earl alleged that Aacres should be responsible for David's death because Aacres negligently allowed him to sleep in an upstairs bedroom with closed windows and doors during a record heat wave knowing that David's medication made it difficult for him to control his body temperature. Aacres moved for summary judgment, asserting that Earl's claims must be dismissed because he lacked standing to bring suit under both the wrongful death statute and the general survival statute.

In response to Aacres' motion for summary judgment, Earl argued that damages for David's pain and suffering and for funeral expenses should be available under the wrongful death statute and the general survival statute.[3] In the alternative, Earl argued that the superior court should recognize a common law wrongful death cause of action which would allow him to recover both economic and noneconomic damages. But the superior court agreed with Aacres and summarily dismissed each of Earl's claims because it found that he lacked standing as a beneficiary under the statutory framework that governs wrongful death actions in Washington. The superior court did not specifically address the claim for funeral expenses. Earl appeals on behalf of David and his estate.

---

[2] Ch. 74.34 RCW.

[3] Earl filed suit alleging violations of AVAA. A provision of the AVAA, RCW 74.34.210, unequivocally grants a decedent's estate the right to recover economic damages even absent qualifying statutory beneficiaries. Therefore, the AVAA controls and could resolve this issue. But both on appeal and in the superior court, Earl relies entirely on the general survival statute to support his contention that David's estate is entitled to recover funeral expenses as economic damages. Therefore, in response to Earl's specific arguments, we analyze his claim in terms of the general survival statute as raised and briefed.

## ANALYSIS

### I. STANDARD OF REVIEW

We review summary judgment orders de novo, performing the same inquiry as the superior court. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c); *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005).

When reviewing a summary judgment, we consider all facts and reasonable inferences from them in the light most favorable to the nonmoving party. *Vallandigham*, 154 Wn.2d at 26; *Magula v. Benton Franklin Title Co.*, 131 Wn.2d 171, 182, 930 P.2d 307 (1997). Moreover, we consider solely the issues and evidence the parties called to the trial court's attention on the motion for summary judgment. RAP 9.12. But we will consider an issue raised for the first time on appeal if the claimed error is a manifest error affecting a constitutional right. RAP 2.5(a)(3).

### II. NONECONOMIC DAMAGES

Earl argues that despite his apparent lack of standing under the wrongful death statute, the superior court nonetheless erred in dismissing his noneconomic damages claims on summary judgment because we should recognize a common law cause of action to allow the estate to

recover for David's wrongful death.[4] We hold that the comprehensive wrongful death statutes preclude recognition of a wrongful death common law cause of action.

## A. RULES OF LAW

Washington's wrongful death statutes create a right of action to recover damages when a person's death is caused by the wrongful act, neglect, or default of another. RCW 4.20.010. But the statutory framework also places limitations on who may bring such an action. RCW 4.20.020. RCW 4.20.020 provides in part,

> Every such action shall be for the benefit of the wife, husband, state registered domestic partner, child or children, including stepchildren, of the person whose death shall have been so caused. If there be no wife, husband, state registered domestic partner, or such child or children, such action may be maintained for the benefit of the parents, sisters, or brothers, who may be dependent upon the deceased person for support, and who are resident within the United States at the time of his or her death

Accordingly, the legislature has created a two-tier system of beneficiaries for purposes of a wrongful death action. Spouses and children of the decedent are the "first tier" beneficiaries while the decedent's parents and siblings constitute "second tier" beneficiaries. *Philippides v. Bernard*, 151 Wn.2d 376, 385, 88 P.3d 939 (2004). Second tier beneficiaries are entitled to recover for the decedent's wrongful death only if there are no first tier beneficiaries *and* if the second tier beneficiary can demonstrate that he or she was dependent upon the deceased for support. RCW 4.20.020; *Philippides*, 151 Wn.2d at 386.

---

[4] Earl brought this action under the AVAA, yet our focus here remains on the wrongful death statutes because RCW 74.34.210 provides in part,
> Upon petition, after the death of the vulnerable adult, the right to initiate or maintain the action shall be transferred to the executor or administrator of the deceased, for recovery of all damages for the benefit of the deceased person's beneficiaries set forth in chapter 4.20 RCW.

B. APPLICATION OF WRONGFUL DEATH LAW

Here, Earl admits that he was not dependent on David. Earl further admits that David was not survived by anyone who could satisfy the criteria to recover under the wrongful death statute as a designated beneficiary. Therefore, the superior court did not err in granting summary judgment in Aacres' favor because Earl lacked standing under the wrongful death statute. RCW 4.20.020.

Nevertheless, Earl argues that Washington courts have labored under a historical misconception that wrongful death claims never existed at common law. Earl argues that several other jurisdictions have held that their wrongful death statutes do not necessarily preclude a common law wrongful death claim. He supports his position with language from *Ueland v. Reynolds Metals Co.*, in which our Supreme Court said, "When justice requires, this court does not hesitate to expand the common law and recognize a cause of action." 103 Wn.2d 131, 136, 691 P.2d 190 (1984).

But Earl ignores the fact that our Supreme Court has rejected an identical argument regarding a different but rather similar statute. In *Philippides*, the court was asked to interpret RCW 4.24.010, which governs actions for injury or death of children and which also contains a requirement that parents who bring an action on behalf of an adult child show that they are dependent on that child for support. 151 Wn.2d at 387. The *Philippides* court was asked to adopt a common law loss of consortium cause of action on behalf of parents of adult children injured or killed by a negligent defendant. 151 Wn.2d at 388. The Supreme Court considered the same language from *Ueland* that Earl cites here and noted that while it does not hesitate to *expand* the common law, the case before it was governed entirely by statute whereas the *Ueland* court was

6

asked to expand allowable damages within an existing common law framework. *Philippides*, 151 Wn.2d at 390. The Supreme Court concluded that adopting a common law cause of action would create a direct conflict with the existing statutory scheme. *Philippides*, 151 Wn.2d at 390.

The *Philippides* court stated further,

The "courts of this state have long and repeatedly held, causes of action for wrongful death are strictly a matter of legislative grace and are not recognized in the common law." *Tait v. Wahl*, 97 Wn. App. [765, 771, 987 P.2d 127 (1999), *review denied*, 140 Wn.2d 1015 (2000)]. The legislature has created a comprehensive set of statutes governing who may recover for wrongful death and survival, and there is no room for this court to act in that area. *Windust v. Dep't of Labor & Indus.*, 52 Wn.2d 33, 36, 323 P.2d 241 (1958). "It is neither the function nor the prerogative of courts to modify legislative enactments." *Anderson v. Seattle*, 78 Wn.2d 201, 202, 471 P.2d 87 (1970).

151 Wn.2d at 390. Accordingly, we hold that we cannot recognize a common law wrongful death cause of action because doing so would conflict with the existing statutory framework and it is not the function of courts to modify legislative enactments.

## III. ECONOMIC DAMAGES

Earl next contends that David's estate should be able to recover economic damages under the general survival statute, RCW 4.20.046(1), despite the lack of beneficiaries under RCW 4.20.020. Aacres responds that the general survival statute only allows recovery on behalf of the same beneficiaries enumerated in the wrongful death statute. We agree with Earl and hold that the superior court erred in failing to award funeral expenses to Earl because, contrary to Aacres' assertion, David's estate may recover economic damages under the general survival statute.

The general survival statute preserves all causes of action that a decedent could have brought had he or she survived. *Otani ex rel. Shigaki v. Broudy*, 151 Wn.2d 750, 755-56, 92 P.3d 192 (2004). The purpose of awarding damages under the survival statute is to remedy the common

7

law anomaly that allowed tort victims to sue if they survived, but barred their claims if they died. *Otani*, 151 Wn.2d at 755. The general survival statute provides in part,

> All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or otherwise, and whether or not such actions would have survived at the common law or prior to the date of enactment of this section: PROVIDED, HOWEVER, *That the personal representative shall only be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased on behalf of those beneficiaries enumerated in RCW 4.20.020*, and such damages are recoverable regardless of whether or not the death was occasioned by the injury that is the basis for the action.

RCW 4.20.046(1) (emphasis added). By its language, the general survival statute adopts the "two-tier" system of beneficiaries featured in the wrongful death statute for *noneconomic* damages.

But the statute's plain language does not preclude David's estate from recovering purely economic damages despite the fact that Earl is not a statutory beneficiary. Accordingly, we agree that the superior court erred when it dismissed Earl's claim for economic damages.

In *Wilson v. Grant*, Division Three of this court concluded that nothing in the general survival statute's history demonstrated that the legislature intended to limit the traditional recovery of economic damages only to those who qualified as statutory beneficiaries under RCW 4.20.020. 162 Wn. App. 731, 741-42, 258 P.3d 689 (2011); *see also Cavazos v. Franklin*, 73 Wn. App. 116, 121, 867 P.2d 674 (1994) (holding that under the general survival statute, the decedent's administrator is entitled to maintain an action for the following damages: disability with its attendant permanent loss of earning power, burial and funeral expenses, medical and hospital expenses, and general damages to the decedent's estate).

The *Wilson* court also scrutinized a 1993 amendment to the general survival statute, which amendment added the language giving rise to statutory beneficiaries' right to recover noneconomic

8

damages (such as pain and suffering). 162 Wn. App. at 741. The court concluded that the amendment was intended to address only concerns that noneconomic damages were available to statutory beneficiaries under the "special survival statute" (RCW 4.20.060), while the same damages were simultaneously unavailable under the general survival statute. *Wilson*, 162 Wn. App. at 741. The legislature voiced its concern that an earlier version of the statute had created a loophole that functioned to reward those who delayed settlements because a person who survived a tortious act, but later died, was precluded from recovery. *See* H.B. REP. ON S.B. 5077, at 2, 53rd Leg., Reg. Sess. (Wash. 1993). In the *Wilson* court's view, the amended language was not intended to apply to the entire paragraph of the statute to preclude recovery of historically available economic damages even when there are no qualifying beneficiaries. 162 Wn. App. at 742. The *Wilson* court then cited several cases where economic damages have been awarded absent statutory beneficiaries or showings of dependency. 162 Wn. App. at 742-43.

Aacres contends that Division One of this court reached the opposite conclusion in *Cummings v. Guardianship Services of Seattle*, 128 Wn. App. 742, 110 P.3d 796 (2005), *review denied*, 157 Wn.2d 1006 (2006). But that case is distinguishable because the court in *Cummings* interpreted a former provision of the AVAA that it deemed controlling instead of the general survival statute. 128 Wn. App. at 752. There, the court held that no economic damages were recoverable because an AVAA provision restricted the right to seek *all* damages except damages for the benefit of the statutory beneficiaries "'set forth in chapter 4.20 RCW'" and Cummings had no qualifying beneficiaries. *Cummings*, 128 Wn. App. at 752 (emphasis omitted) (quoting RCW 74.34.210). Furthermore, the legislature later amended the dispositive provision in *Cummings*

9

with language unequivocally permitting recovery of economic damages in the absence of statutory beneficiaries.[5] LAWS OF 2007, ch. 312, § 11; RCW 74.34.210.

Additionally, Aacres relies on dicta from *Philippides* in support of its argument. The *Philippides* court made the broad statement that "Washington's four interrelated statutory causes of action for wrongful death and survival each require that parents be 'dependent for support' on a deceased adult child in order to recover. *See* RCW 4.24.010 (child injury/death); RCW 4.20.020 (wrongful death); RCW 4.20.046 (general survival statute); RCW 4.20.060 (special survival statute)." 151 Wn.2d at 386. This is true, but only to the extent a party is seeking to recover for noneconomic damages. The *Wilson* court also considered this statement and concluded that it was not meant to preclude an award of economic damages.

Accordingly, although the general survival statute allows only those who qualify as beneficiaries to pursue claims for certain enumerated damages, it does not exclude all other damages historically available. Therefore, we follow *Wilson* and hold that economic damages, including funeral costs are available to David's estate under the general survival statute.

IV. ACCESS TO THE COURT

Earl contends that prohibiting David's recovery of noneconomic damages violates David's constitutional right of access to the courts under both Title II of the Americans with Disabilities

---

[5] RCW 74.34.210 now provides in part,
> Upon petition, after the death of the vulnerable adult, the right to initiate or maintain the action shall be transferred to the executor or administrator of the deceased, for recovery of all damages for the benefit of the deceased person's beneficiaries set forth in chapter 4.20 RCW *or if there are no beneficiaries, then for the recovery of all economic losses sustained by the deceased person's estate.*

(Emphasis added.) Neither party argues that amended RCW 74.34.210 applies.

No. 44328-7-II

Act (ADA), 42 U.S.C. §§ 12131-12165, and article I, section 10 of the Washington Constitution. As a threshold matter, Earl did not present this to the superior court. But a party may raise a manifest error affecting a constitutional right for the first time on appeal. RAP 2.5(a)(3).[6] Assuming without deciding that the alleged error is a manifest error of constitutional magnitude, we reach but reject the merits of this claim. In doing so, we adopt Division Three's reasoning in *Triplett v. Department of Social & Health Services*, 166 Wn. App. 423, 429, 268 P.3d 1027, *review denied*, 174 Wn.2d 1003 (2012), and hold that Earl's claim fails because the wrongful death statutes cannot be considered unconstitutional by denying access to the courts to someone who is no longer living.

The United States Supreme Court has held that Title II of the ADA is constitutionally valid and that access to the courts is a fundamental right. *Tennessee v. Lane*, 541 U.S. 509, 533-34, 124 S. Ct. 1978, 158 L. Ed. 2d 820 (2004). Title II of the ADA provides, "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. Additionally, our Supreme Court has held that access to the civil justice system is founded upon our constitution which mandates that "[j]ustice in all cases shall be administered openly, and

_____

[6] This exception is construed narrowly by requiring the asserted error to be (1) manifest and (2) "truly of constitutional magnitude." *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). Error is manifest if it results in a concrete detriment to the claimant's constitutional rights, and the claimed error rests upon a plausible argument that is supported by the record. *State v. WWJ Corp.*, 138 Wn.2d 595, 603, 980 P.2d 1257 (1999). Because Earl argues that the statute under which the entirety of his case was dismissed is unconstitutional as applied to David, Earl can show "'practical and identifiable consequences'" of the asserted error. *WWJ Corp.*, 138 Wn.2d at 603 (quoting *State v. Lynn*, 67 Wn. App. 339, 345, 835 P.2d 251 (1992)).

11

No. 44328-7-II

without unnecessary delay." WASH. CONST. art. I, § 10; *Lowy v. PeaceHealth*, 174 Wn.2d 769, 776, 280 P.3d 1078 (2012).

Here, Earl argues that, absent beneficiaries, recovery under the wrongful death statute would be limited to David's "net accumulations."[7] Accordingly, in Earl's view, the fact that David's disability precluded him from garnering such "accumulations" effectively denies David his constitutional right of access to the court. Division Three of this court previously considered and rejected this argument. In *Triplett*, Division Three held that this "access to the courts" argument lacked merit because Washington's wrongful death statutes do not purport to provide a cause of action or access to the courts to a deceased person. 166 Wn. App. at 429. The *Triplett* court was persuaded by the argument that because a person who is dead cannot pursue any action, it is "'absurd to suggest that the wrongful death statute unlawfully restricts their access to the courts.'" 166 Wn. App. at 429.

Such a holding is consistent with the principle that Washington's wrongful death statutes create causes of action only for specific surviving beneficiaries of the deceased and which only begin at the death of the decedent. *Otani*, 151 Wn.2d at 755. Accordingly, as the *Triplett* court concluded, RCW 4.20.020 does not violate *David's* constitutional rights to access the courts post-

_____

[7] "Net accumulations" are the decedent's earnings over a normal life span calculated by determining the decedent's probable gross earnings subtracting personal and family support expenditures and then reducing the figure to present value. *Federated Servs. Ins. Co. v. Pers. Representative of Estate of Norberg*, 101 Wn. App. 119, 126, 4 P.3d 844 (2000), *review denied*, 142 Wn.2d 1025 (2001).

mortem. Therefore, we follow *Triplett* to hold that David was not denied access to the courts in violation of his constitutional rights.[8]

## V. EQUIVALENCY TO MINOR

Finally, Earl asserts that David should be considered a minor under Washington law because of his cognitive disabilities.[9] Aacres argues that consideration of this argument is improper because Earl raises it for the first time on appeal. We agree with Aacres. RAP 9.12 provides, in pertinent part, "On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court." The purpose of RAP 9.12 "'is to effectuate the rule that the appellate court engages in the same inquiry as the trial court.'" *Mithoug v. Apollo Radio of Spokane*, 128 Wn.2d 460, 462, 909 P.2d 291 (1996) (quoting *Wash. Fed'n of State Empls. Council 28 AFL-CIO v. Office of Fin.*

---

[8] Earl filed *Schroeder v. Weighall*, 179 Wn.2d 566, 316 P.3d 482 (2014), as supplementary authority. In *Schroeder*, our Supreme Court held that a statute that eliminated tolling of the statute of limitations for minors in medical malpractice cases was unconstitutional under the privileges and immunities clause of the Washington Constitution. 179 Wn.2d at 577. The court found that there was no rational explanation for the legislature's failure to eliminate tolling only for this group of plaintiffs. *Schroeder*, 179 Wn.2d at 577.

To the extent that Earl wishes to make a similar argument, he cannot show, as he must, that there is no reasonable ground to distinguish between the tiers of beneficiaries. The legislature has ostensibly determined that the degree to which a spouse or child typically depends on a decedent is sufficiently different from that which a parent or sibling does. A child would frequently be able to establish dependence on a parent, but the inverse is likely rare. The same can be said in comparing spouses with siblings. The *Philippides* court rejected a similar argument based on the privileges and immunities clause. 151 Wn.2d at 392-93. There, the court concluded that there was no violation of the privileges and immunities clause because legitimate differences between classes provided a reasonable basis to treat them differently. *Philippides*, 151 Wn.2d at 393.

[9] It is not clear from Earl's briefing how he would be entitled to recover in the event that David was considered a minor. Recovery is arguably broader under RCW 4.24.010, the statute that govern actions for injury or death of children, but that statute allows either a mother, a father, or both parents to bring an action. It does not entitle a sibling to do so.

*Mgmt.*, 121 Wn.2d 152, 157, 849 P.2d 1201 (1993)). Accordingly, because Earl did not bring this issue to the superior court's attention, we will not now consider it on appeal.[10]

CONCLUSION

We reverse the superior court's grant of summary judgment in favor of Aacres on the issue of economic damages and remand for a determination of David's funeral expenses. We decline to recognize a common law wrongful death cause of action that would conflict with the existing statutory framework and, therefore, we affirm the superior court's order granting summary judgment on the noneconomic damages claim. We hold further that the wrongful death statute does not unconstitutionally deny David access to the courts.[11]

JOHANSON, C.J.

We concur:

HUNT, J.

BJORGEN, J.

___

[10] We note that even were we to consider Earl's argument, it would likely fail because Earl points to no authority in support of his argument that a developmentally disabled and legally incapacitated adult is a minor for the purpose of the wrongful death or survival statutes. Furthermore, when the legislature intends to include mentally incompetent or disabled persons in the same category as minors, it has done so explicitly. *Bennett v. Seattle Mental Health*, 166 Wn. App. 477, 487, 269 P.3d 1079, *review denied*, 174 Wn.2d 1009 (2012). To treat developmentally disabled adults the same as minor children would greatly expand the statutory beneficiaries entitled to bring a wrongful death action and such a significant change must come from the legislature. *Bennett*, 166 Wn. App. at 487; *Triplett*, 166 Wn. App. at 432-33.

[11] We do not reach the issue of whether David should be considered a minor because this issue was not properly preserved for review.

14