
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

RYAN R. HOWARD, an individual, ) No. 75593-5-I
 )
    Appellant, )
 ) DIVISION ONE
    v. )
 )
OCWEN LOAN SERVICING, LLC, )
et al., )
 )
DEUTSCHE BANK NATIONAL TRUST )
COMPANY a Delaware corporation, )
and its SUCCESSOR AND ASSIGNS: )
 )
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, as Trustee of the IndyMac )
INDA Mortgage Loan Trust 2007-AR7, )
Mortgage Pass-Through Certificates, )
Series 2007-AR7 under the Pooling and )
Servicing Agreement—dated as of )
September 1, 2007—(or dates otherwise)
stated) SEC Accession No. 0000905148) UNPUBLISHED OPINION
-07-006297 I.R.S. EIN: 95-4791925, )
 )
    Respondents. ) FILED: March 5, 2018
 )

MANN, J. — Ryan Howard appeals the trial court's dismissal of his lawsuit alleging

breach of contract, misrepresentation, and several other claims against Ocwen Loan

Servicing, L.L.C. and Deutsche Bank National Trust Company. Because the trial court

considered material outside the pleadings, we review the dismissal of Howard's claims

under the summary judgment standard. However, we decline to address the majority of Howard's claims because they were not raised below. Because he otherwise raises no genuine issue of material fact, we affirm.

## FACTS

This is the second appeal involving real property previously owned by Howard. The background facts surrounding the 2013 foreclosure of the property are derived from our unpublished prior decision affirming the judgment of foreclosure. Howard v. Pierce Commercial Bank, No. 70629-2-I (Wash. Ct. App. Mar. 9, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/706292.pdf.

In 2007, Howard obtained a loan from Pierce Commercial Bank to purchase a home. Howard eventually defaulted on the loan and the lender initiated nonjudicial foreclosure proceedings. In 2011, Howard filed a lawsuit against Deutsche Bank National Trust Company, which he identified as the beneficiary of the deed of trust and promissory note, and other entities. He sought damages and sought to enjoin the pending trustee's sale.

Deutsche Bank asserted counterclaims and initiated a judicial foreclosure. After entry of judgments as to all other parties, Howard and Deutsche Bank agreed to settle the case and entered into a memorandum of settlement prepared by a mediator. After disputes arose with regard to the language of formal settlement documents and a stipulated judgment, Deutsche Bank filed a motion for entry of judgment based on the settlement memorandum.

In 2013, the trial court granted Deutsche Bank's motion and entered a judgment of foreclosure. The court issued an order of sale and the King County Sheriff's Office sold the property at auction in August 2013 to Deutsche Bank.

Howard appealed the judgment of foreclosure enforcing the settlement agreement. This court affirmed. Howard filed a petition for review in the Washington State Supreme Court. The Supreme Court advised Howard that his petition was not timely filed, but allowed him the opportunity to file a motion for an extension of time to file a petition.

Shortly after Howard filed his petition for review, in May 2015, the loan servicer, Ocwen Loan Servicing, L.L.C. and Deutsche Bank as trustee,[1] offered Howard a loan modification, in conjunction with a settlement and release agreement and a stipulated order of dismissal that would resolve the 2011 litigation. These agreements would have the effect of undoing the prior foreclosure, reinstating Howard's loan, and resolving the 2011 foreclosure litigation.

The loan modification agreement was subject to the following condition:

> This Modification is subject to clear title and will be effective on July 1, 2015, on condition that a clear and marketable title policy can be issued.

In June 2015, Howard agreed to the settlement terms and executed the documents.[2] Howard tendered a down payment, along with the settlement documents, and then, at the end of the month, made the first payment due under the loan modification agreement. Howard confirmed that he would inform the Supreme Court

---

[1] It is undisputed that at some point Howard's loan was transferred to Deutsche Bank National Trust Company as trustee for IndyMac INDA Mortgage Loan trust 2007-AR7, Mortgage Pass-Through Certificates Series 2007-AR7.

[2] The settlement documents Howard submitted as attachments to his complaint are unsigned, but Howard asserts that he signed and executed all settlement documents on June 10, 2015.

that he did not intend to file a motion for an extension of time to file a petition for review, and would instead file a stipulation and order of dismissal.

In July, Ocwen's counsel informed Howard that the loan modification could not proceed because there were still outstanding liens on the property which prevented the issuance of a clear title policy. Counsel told Howard that if he wished to proceed with modification, Ocwen would allow him an additional 30 days to clear the title. Alternatively, counsel offered to collaborate on a stipulation that would enable him to seek an extension of the time to file a petition for review and proceed with his appeal.

Howard maintained that Ocwen had accepted his payments and the loan modification agreement could not be revoked. He pointed out that neither tax liens nor a lis pendens were barriers to clear title and that the remaining liens on record were foreclosed prior to sheriff's sale in 2013. Ocwen agreed that neither the taxes nor lis pendens were problematic, but stated that the prior liens were not foreclosed unless the sheriff's deed was recorded, which did not, and would not, occur if the parties proceeded with loan modification. In August 2015, Ocwen formally notified Howard that the loan modification agreement could not be consummated because he had not fulfilled his obligation to clear title. Ocwen's counsel returned Howard's down payment and informed him that Ocwen would reimburse him for his subsequent payment.

On September 3, 2015, Howard, acting pro se, filed the lawsuit at issue against Deutsche Bank as trustee and Ocwen.[3] Howard's 46-page complaint alleged 11 causes

---

[3] Howard sued Deutsche Bank National Trust Company both as trustee and in its individual capacity. Deutsche Bank, in its non-trustee status, separately moved to dismiss on the ground that it had no interest in the property or connection to the proceedings separate from its role as trustee. The court entered a separate order granting that motion to dismiss. Although Howard designates both orders of

of action, including breach of contract, negligent inducement and fraud, misrepresentation, and criminal profiteering. His complaint primarily alleged that he performed his obligations under the settlement agreements, the loan modification went into effect, and the defendants acted unlawfully by belatedly attempting to revoke the agreement. Howard claimed that it was impossible for him to satisfy the condition precedent because only the defendants could release the lis pendens.

On April 1, 2016, Ocwen and Deutsche Bank jointly filed a motion to dismiss. The defendants argued that Howard failed to satisfy an express condition precedent, relieving the defendants from any liability under the settlement agreement. The defendants also contended that Howard failed to state a claim for relief with respect to the other 10 causes of action asserted in the complaint. Howard did not file a response to the motion.

On the date of the hearing on the defendants' motion, June 10, 2016, Howard filed a motion for a continuance. The court declined to consider the untimely motion. The court allowed Howard to orally respond to the defendants' motion. Howard asserted, without explanation or corroborating evidence, that any liens listed against the property were not "valid." He also contended that he had a right to enforce the agreements because he made initial payments, which the defendants accepted, and he reasonably believed that no further action was required of him. Again, he claimed that the defendants made it impossible to comply with the condition to clear title because they refused to release the lis pendens filed in connection with the foreclosure litigation.

---

dismissal in his notice of appeal, he does not challenge the dismissal of his claims against Deutsche Bank in its non-trustee status.

The court granted the motion, and later, denied Howard's motion for reconsideration. This appeal followed.[4]

## ANALYSIS

We review a trial court's ruling on a motion to dismiss under CR 12(b)(6) de novo, as a question of law. FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962, 331 P.3d 29 (2014). A CR 12(b)(6) motion challenges the legal sufficiency of the allegations in a complaint. Contreras v. Crown Zellerbach Corp., 88 Wn.2d 735, 742, 565 P.2d 1173 (1977).

Either party may submit documents not included in the original complaint for the court to consider in evaluating a CR 12(b)(6) motion. Bavand v. OneWest Bank, FSB, 176 Wn. App. 475, 485, 309 P.3d 636 (2013); Rodriguez v. Loudeye Corp., 144 Wn. App. 709, 726, 189 P.3d 168 (2008). Such submissions generally convert a CR 12(b)(6) motion into a motion for summary judgment. Bavand, 176 Wn. App. at 485. However, in considering a motion to dismiss, the trial court may take judicial notice of public documents if their authenticity cannot reasonably be contested, and the court may also consider documents whose contents are alleged in a complaint but not physically attached to the pleadings. Rodriguez, 144 Wn. App. at 725-26.

In support of his complaint, Howard filed an affidavit and several attachments, including unsigned copies of the proposed settlement and release agreement, the loan modification agreement, and the proposed stipulation and order of dismissal. He also submitted printed copies of e-mail correspondence with Ocwen's counsel and the

---

[4] Although Howard represented himself below, he is represented by counsel on appeal.

results of the lien and encumbrance search obtained by Ocwen in June 2015.[5] In connection with the motion to dismiss, Deutsche Bank requested judicial notice of several court orders related to the foreclosure, documents filed in that prior litigation and other court documents.

Unlike the documents submitted by the defendants, the documents Howard filed as attachments to his complaint were not public documents. And while the complaint refers to some of the attached documents, much of the content is not included in the allegations of the complaint. The trial court's order granting the defendant's motion indicates that it considered all the attachments. Accordingly, review under the summary judgment standard is appropriate.

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A material fact is one upon which the outcome of the litigation depends. Greater Harbor 2000 v. City of Seattle, 132 Wn.2d 267, 279, 937 P.2d 1082 (1997). We review an order granting summary judgment de novo; all facts and reasonable inferences must be considered in the light most favorable to the nonmoving party. Lynott v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 123 Wn.2d 678, 685, 871 P.2d 146 (1994); Greater Harbor, 132 Wn.2d at 279.

Howard contends that the trial court improperly dismissed his lawsuit based on a variety of arguments and theories not presented to the court below. For instance, he raises several claims based on his subjective understanding of the obligation to "clear

---

[5] Howard's attachments were stamped as "Sealed," but he conceded there was no court order sealing the documents.

title" and his opinion about whether satisfying preexisting liens was necessary to protect Deutsche Bank's position as the superior lienholder. Howard maintains that the defendants knew about the other liens and knew that he could not afford to satisfy them. Therefore, he claims that the defendants "intentionally tricked" him into agreeing to dismiss his pending litigation by holding out the "false promise" of loan modification. Howard also contends that the trial court improperly dismissed his claims that the defendants breached the duty of good faith and fair dealing, violated the Consumer Protection Act, and engaged in negligent and intentional misrepresentation.

An appeals court generally will not review an "issue, theory, argument, or claim of error not presented at the trial court level." RAP 2.5(a); Lindblad v. Boeing Co., 108 Wn. App. 198, 207, 31 P.3d 1 (2001). The purpose of this general rule is to give the trial court an opportunity to correct errors and avoid unnecessary rehearings. Postema v. Postema Enters., Inc., 118 Wn. App. 185, 193, 72 P.3d 1122 (2003). While appellate courts retain discretion to consider arguments not raised below, we exercise such discretion sparingly. Karlberg v. Otten, 167 Wn. App. 522, 531, 280 P.3d 1123 (2012). Specific to summary judgment, RAP 9.12 provides that the "appellate court will consider only evidence and issues called to the attention of the trial court." See, e.g., Vernon v. Aacres Allvest, LLC, 183 Wn. App. 422, 436, 333 P.3d 534 (2014) (declining to consider argument on appeal not made during summary judgment proceedings below). This rule ensures that we engage in the same inquiry as the trial court. Vernon, 183 Wn. App. at 436. Based on these rules and the policies underlying them, we decline to address Howard's arguments asserted for the first time on appeal.

The only claim Howard raises on appeal that appears to be related to his arguments below is his contention that he substantially performed his obligations by making payments under the loan modification agreement and is therefore entitled to enforce the agreement.

The loan modification agreement was expressly made "subject to clear title." A condition precedent is a fact or event included in a contract that must take place before a right to performance arises. Ross v. Harding, 64 Wn.2d 231, 236, 391 P.2d 526 (1964). Whether a contract provision is a condition precedent "depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances." Ross, 64 Wn.2d at 236. The intent of the parties to create a condition precedent may often be illuminated by phrases and words such as "on condition," "provided that," "so that," "when," "while," "after," or "as soon as." Ross, 64 Wn.2d at 237. A party's material breach or a failure to satisfy a condition precedent will discharge the duty of the other party. Jacks v. Blazer, 39 Wn.2d 277, 235 P.2d 187 (1951) (material breach); Ross, 64 Wn.2d at 240-41(condition precedent).

It is clear from the record that the "subject to clear title" provision was a condition precedent and that the property was subject to liens and encumbrances. Howard identifies no genuine issue of material fact with respect to these issues. There was no substantial performance with respect to the condition precedent. The doctrine of substantial performance is intended for the protection and relief of those who have faithfully endeavored to perform their contractual obligations in all material and substantial particulars, so that their contractual rights may not be forfeited because of

-9-

"mere technical inadvertent or unimportant omissions or defects." <u>Donald W. Lyle, Inc. v. Heidner & Co.</u>, 45 Wn.2d 806, 812, 278 P.2d 650 (1954). The doctrine applies only in rare instances where only "minor and relatively unimportant deviations" remain to accomplish full contractual performance. <u>Taylor v. Shigaki</u>, 84 Wn. App. 723, 729, 930 P.2d 340 (1997) (quoting 17A AM. JUR. 2D CONTRACTS, § 634 (1991)). There is nothing in the record to suggest that the failure to satisfy the condition precedent was a minor omission that could be excused because Howard tendered two payments.

Deutsche Bank and Ocwen request reasonable attorney fees on appeal, citing Howard's prior appeal wherein we awarded attorney fees to Deutsche Bank under a provision of the deed of trust. The deed of trust is not in the record in this case, nor is it clear that the language of that provision, as cited in our prior opinion, encompasses the fees incurred to defend against this litigation to enforce the settlement and loan modification agreements. Nevertheless, the settlement agreement provides that "If any Party hereto commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing party or parties in such action shall be entitled to recover its reasonable attorney's fees and other expenses incurred in such action." This provision supports the respondents' request for attorney fees. Accordingly, we award reasonable attorney fees to the respondents.

Affirmed.

Mann, J.

WE CONCUR:

Trickey, J