No. 76273-7-I/1

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DARYL M. FERGUSON and JULIE FERGUSON, | ) ) ) | No. 76273-7 |
| Appellants, | ) ) ) | DIVISION ONE |
| v. | ) ) ) | UNPUBLISHED OPINION |
| RTS PACIFIC, INC.; GREEN TREE SERVICING, LLC; EVERHOME MORTGAGE COMPANY; EVERBANK; and Doe Defendants 1 through 20, inclusive, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | FILED: October 1, 2018 |

CHUN, J. — Facing imminent foreclosure, homeowners filed a lawsuit against several entities, seeking to enjoin the pending sale of their property and raising several claims, including a claim under the Consumer Protection Act (CPA). Approximately two years later, the trial court granted the defendants' motions for summary judgment and dismissed the homeowners' claims. The homeowners have demonstrated no basis to reverse the trial court's orders. We affirm.

FACTS

In 2003, Daryl and Julie Ferguson borrowed $204,000 from First Horizon Corporation d/b/a First Horizon Home Loans. A deed of trust on real property owned by the Fergusons in Snohomish, Washington, secured the loan.

1

In 2008, First Horizon assigned its beneficiary interest under the deed of trust to EverBank. A separate but related entity, EverHome Mortgage Company, began servicing the loan. In 2010, EverBank transferred its beneficiary interest and physical possession of the note to EverHome Mortgage. However, a 2011 merger of EverBank and EverHome Mortgage negated the effect of this transfer. EverHome Mortgage merged into EverBank, and EverBank acquired all of EverHome's assets.

In 2009, the Fergusons stopped making payments on the loan. They requested a loan modification in 2009, 2010, and 2012, but ultimately did not qualify.

At several points following the Fergusons' default, the holder of their note initiated nonjudicial foreclosure proceedings. A July 2010 foreclosure sale did not take place because the Fergusons filed a petition for bankruptcy. Subsequent trustee's sales scheduled to occur in March 2012, September 2013, and December 2013, likewise did not take place.

In 2014, EverBank initiated nonjudicial foreclosure proceedings for a fourth time and in December 2014, a few days before the scheduled trustee's sale, the Fergusons filed a complaint against EverBank and EverHome Mortgage.[1] The complaint also named Green Tree Servicing LLC, an entity that began servicing the Fergusons' loan in May 2014.[2] The Fergusons sought a preliminary injunction to prevent the pending sale and alleged violations of the CPA, chapter 19.86 RCW, among other causes of action.[3]

---

[1] The sole surviving successor of the 2011 merger, EverBank, and not EverHome Mortgage, is a party to this appeal.

[2] The complaint also named RTS Pacific, Inc. and 20 "Doe Defendants." RTS, which entered receivership, did not participate in the summary judgment proceedings nor in this appeal.

[3] The Fergusons also asserted claims of intentional and negligent misrepresentation but expressly abandoned both causes of action at the summary judgment hearing. The Fergusons also alleged a violation of the deed of trust act, but only as to RTS Pacific.

The parties stipulated to a preliminary injunction of the trustee's sale. With respect to the CPA claim, the Fergusons alleged that between 2010 and 2014, the defendants made statements misrepresenting the identity of the beneficiary of the deed of trust and owner of the note.

EverBank and Green Tree filed motions for summary judgment. To the extent the Fergusons based their CPA claim on documents filed in April 2010 and earlier, EverBank argued that the statute of limitations barred it. See RCW 19.86.120 (the CPA has a four-year statute of limitations). EverBank also denied the allegation of misrepresentation and submitted evidence to show its statements to the Fergusons accorded with documents created between 2008 and 2014 that identified the beneficiary of the deed of trust and the entity entitled to foreclose.

Green Tree likewise denied any inaccuracies in its communications with the Fergusons. Green Tree submitted evidence showing the accuracy of its statements that the Federal National Mortgage Association, otherwise known as Fannie Mae, was an owner or investor in the loan. Green Tree also pointed out that, while the Fergusons disputed Green Tree's calculation of the amounts due under the loan, they provided no evidence to demonstrate error in the accounting.

Upon considering the motions, the Fergusons' responses, and after hearing arguments from all parties, the trial court granted both motions and dismissed the Fergusons' claims against EverBank and Green Tree. The Fergusons appeal.

ANALYSIS

As an initial matter, we note the Fergusons represent themselves on appeal. While mindful of the inherent difficulty of self-representation, we generally hold self-

3

represented litigants to the same standard as attorneys, requiring compliance with all procedural rules on appeal. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Arguments unsupported by references to the record, meaningful analysis, or citation to pertinent authority need not be considered. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

The Fergusons' briefing on appeal does not comply with the Rules of Appellate Procedure in several respects. Despite the clear requirements of RAP 10.3(a)(2), (5), and (6), the Fergusons' opening brief contains no citations to the more than 700 pages of clerk's papers or verbatim report of proceedings, does not outline the essential facts and procedural events, clearly delineate the arguments, nor identify and apply the correct standard of review for dismissal under CR 56. These significant defects impact our ability to provide meaningful appellate review.

Insofar as we are able to discern the Fergusons' arguments, we conclude that the trial court properly granted summary judgment. The Fergusons claim dismissal was improper because hypothetical facts raised by the complaint sufficed to state a claim for relief. But the court granted motions for summary judgment under CR 56, not motions to dismiss the complaint under CR 12(b)(6). The Fergusons rely only on cases, such as Brown v. MacPherson's, Inc., 86 Wn.2d 293, 297, 545 P.2d 13 (1975), that involve motions under CR 12(b)(6). While CR 12(b)(6) permits courts to consider hypothetical facts, Cutler v. Phillips Petrol. Co., 124 Wn.2d 749, 755, 881 P.2d 216 (1994), CR 56 does not.

In resolving motions for summary judgment, the court may consider material outside the pleadings submitted by the parties, including affidavits, declarations, and other documentary evidence. CR 56(e). A court properly grants summary judgment when there exist no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). The Fergusons do not address the evidence in the record or required elements of a CPA claim. They fail to identify any disputed issue of material fact precluding summary judgment.

The Fergusons contend the trial court unfairly granted summary judgment based on new evidence presented by opposing counsel. This argument appears to refer to a document attached to Green Tree's reply brief submitted below, showing that EverBank granted limited power of attorney to Green Tree. Green Tree submitted the document to rebut the claim, raised in the Fergusons' response brief, that Green Tree had not established its authority to initiate foreclosure by appointing a new trustee. At the summary judgment hearing, the Fergusons' counsel initially stated she had not received the document in discovery, but after Green Tree's counsel confirmed that he had, in fact, provided the document about a month before the hearing, the Fergusons' counsel acknowledged she may have "missed it." Although the Fergusons now appear to question the validity of the document, they did not raise the issue below, and on appeal, they do not explain the basis for such an objection.

The Fergusons also claim the defendants misrepresented the relationship between EverBank and EverHome Mortgage. They refer to EverBank's attorney's statement at the summary judgment hearing that before the 2011 merger, the two entities were "sister" companies "under the same parent EverBank Financial." But

again, the Fergusons' complaint solely alleged misleading statements regarding the identity of the beneficiary and note holder. And more importantly, although the Fergusons insist that counsel's statement is untrue, no evidence in the record appears to contradict counsel's description. Nor do the Fergusons cite any authority to support their position that "the servicer and beneficiary cannot be affiliated with one another unless the loan originated with them."[4] We do not consider arguments unsupported by authority or analysis. See Cowiche Canyon, 118 Wn.2d at 809.

In their complaint, the Fergusons asserted that "all of the Defendants have demanded amounts from Mr. Ferguson that are not due and owning." On appeal, they reiterate their claim of "inaccuracies as to what is owed including fees and penalties." However, this vague and conclusory claim of error is insufficient to identify an issue warranting appellate review.

The Fergusons appear to challenge the validity of the original promissory note and the 2008 assignment of beneficiary interest based on missing or allegedly fraudulent signatures. They also claim that EverHome Mortgage was not properly licensed to service their loan. These allegations appear to involve events that took place on or before April 2010 and would be barred by the governing statute of limitations. See RCW 19.86.120. In any event, the Fergusons neither raised these claims in their complaint nor opposed the motions for summary judgment on these grounds. "On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the

---

[4] To the extent the Fergusons seek sanctions against EverBank's counsel, we deny the request. The record does not support the Fergusons' claim that EverBank's counsel denied the entities are "one and the same." At the summary judgment hearing, counsel informed the trial court that, following the merger, EverBank and EverHome Mortgage were "no longer separate entities."

trial court." RAP 9.12. An argument neither pleaded nor argued to the superior court on summary judgment cannot be raised for the first time on appeal. Sourakli v. Kyriakos, Inc., 144 Wn. App. 501, 509, 182 P.3d 985 (2008). This rule ensures we engage in the same inquiry as the trial court. Vernon v. Aacres Allvest, LLC, 183 Wn. App. 422, 436, 333 P.3d 534 (2014). Accordingly, we decline to address the Fergusons' arguments raised for the first time on appeal.

In addition, the Fergusons claim evidence "discovered since the court of appeals filing" warrants reversal. They rely on CR 59(a)(4), which provides a mechanism to move for reconsideration in superior court based on "[n]ewly discovered evidence, material for the party making the application, which the party could not with reasonable diligence have discovered and produced at the trial." CR 59(a)(4). Civil rules, such as CR 59, govern procedure in civil actions in superior court and provide no basis for this court to "reconsider" a superior court's decision. Nothing in the record indicates the Fergusons filed a CR 59 motion for reconsideration below within ten days of entry of the court's orders. See CR 59(b). Nor do they identify any new evidence in support of this claim.

Finally, the Fergusons claim the trial court improperly granted summary judgment without affording them the opportunity to initiate discovery or depose the "Doe defendants 1-20." To the contrary, the record indicates both parties participated in discovery with ample time to depose witnesses. The court heard the defendants' motions for summary judgment approximately two years after the plaintiffs filed their complaint and the Fergusons did not seek a continuance, under CR 56(f) or otherwise,

to conduct further discovery.  The record does not support a claim that the Fergusons lacked an adequate opportunity to pursue discovery.

We affirm the trial court's summary judgment orders.

_Chun, C.J._

WE CONCUR:

_Mann, A.C.J._