# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| PHYLLIS FARRELL, an individual; BRANDY KNIGHT, an individual; DEBRA JAQUA, an individual; LONI JEAN RONNENBAUM, an individual; and SARAH SEGALL, an individual, | No. 53373-1-II |
| Respondents, | |
| v. | |
| FRIENDS OF JIMMY, a registered political committee; WE WANT TO BE FRIENDS OF JIMMY, TOO, a registered political committee; GLEN MORGAN and JANE DOE MORGAN, and the marital community comprised thereof, | UNPUBLISHED OPINION |
| Appellants. | |

WORSWICK, J. — After receiving automated phone calls, Phyllis Farrell and others

brought an action under the Washington Consumer Protection Act[1] (CPA) against Glen Morgan

and two political action committees. Farrell moved for summary judgment on her claim, which

the trial court granted. This case requires us to resolve only the narrow issue of whether the

automated calls meet the trade or commerce element of a CPA claim.

Morgan argues that the trial court erred by granting Farrell's motion for summary

judgment because Ferrell failed to prove two elements of her CPA claim: (1) that the phone

calls occurred in trade or commerce and (2) that the phone calls injured Farrell's business or

---

[1] Chapter 19.86 RCW.

property. Morgan also argues that the court improperly awarded Farrell her attorney fees. Farrell argues that Morgan failed to preserve his argument regarding the injury element and that she is entitled to attorney fees on appeal.

We hold that Morgan's phone calls occurred in trade or commerce and that Morgan did not preserve his argument regarding injury. Additionally, we hold that the trial court properly awarded Farrell reasonable attorney fees and that Farrell is entitled to reasonable attorney fees on appeal. Thus, we affirm the trial court's grant of summary judgment.

FACTS

During the 2016 election cycle, Morgan, director of two political action committees, "Friends of Jimmy" and "We Want To Be Friends of Jimmy, Too" (collectively Morgan), made five automated telephone calls to voters in Thurston County. These phone calls urged the receiver of the calls to not vote for a certain candidate for Thurston County Council. Morgan sent these calls to cell phones as well as landlines.

To place these calls, Morgan contracted with Dialing Services LLC. Dialing Services provided Morgan access to its auto-dialing platform. Morgan entered phone numbers into the system, selected a prerecorded message to send, and chose a "spoofed"[2] phone number to appear on the receivers' phones. Clerk's Papers at 156. Morgan sent approximately 146,032 prerecorded automated phone calls to 52,122 phone numbers. Morgan spoofed the caller I.D. (identification) to make it appear as though the phone calls came from the Thurston County Democrats, the targeted candidate, and another local Democratic party office.

---

[2] Spoofing a phone number means that the phone number which shows up as the caller I.D. (identification) is not the actual instigator of the phone call.

No. 53373-1-II

Farrell, Brandy Knight, Debra Jaqua, Loni Jean Ronnenbaum, and Sarah Segall (collectively Farrell), received Morgan's automated calls. Farrell filed a lawsuit against Morgan, alleging a violation of the federal Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227.[3] Farrell later filed an amended complaint, alleging that Morgan's automated calls violated the CPA. Farrell then moved for summary judgment, arguing that she met all elements of a CPA claim. The trial court granted Farrell's motion for summary judgment on the CPA claim and awarded Farrell her attorney fees and costs.

Morgan appeals the order granting summary judgment and awarding Farrell's attorney fees and costs.

ANALYSIS

I. CONSUMER PROTECTION ACT

Morgan argues that Farrell failed to prove her CPA claim. Specifically, Morgan argues that Farrell failed to prove that the phone calls (1) occurred in trade or commerce and (2) injured business or property. Farrell contends that we should decline to address Morgan's argument regarding the injury element because Morgan failed to contest this element during the trial court proceedings below. We hold that the phone calls meet the trade or commerce element, and we decline to address the injury element.

---

[3] In a separate, prior motion for summary judgment, Farrell argued that Morgan violated the TCPA. The trial court ruled as a matter of law that Morgan violated the TCPA. Morgan's violation of the TCPA is not at issue on appeal.

3

A.      *Legal Principles*

We review a motion for summary judgment de novo. *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 601, 200 P.3d 695 (2009). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). We view all evidence in a light most favorable to the nonmoving party. *Michael*, 165 Wn.2d at 601. Where reasonable minds could reach but one conclusion from the admissible facts, summary judgment should be granted. *Elliott Bay Seafoods, Inc. v. Port of Seattle*, 124 Wn. App. 5, 11 n.2, 98 P.3d 491 (2004).

The CPA provides, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020. The CPA broadly protects the public interest and is liberally construed. RCW 19.86.920; *Panag v. Farmers Ins. Co.*, 166 Wn.2d 27, 40, 204 P.3d 885 (2009).

To prevail on a CPA claim, a private plaintiff "must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag*, 166 Wn.2d at 37.

B.      *Trade or Commerce Element*

Morgan first argues that Farrell failed to show that the automated calls met the trade or commerce element. Specifically, he argues that the "calls were purely political in nature and totally devoid of economic attributes or consequences that could implicate the WCPA." Br. of Appellant at 9. We hold that the automated calls meet the trade or commerce element.

"Trade or commerce" includes the sale of services and "any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2). This element

broadly includes "every person conducting unfair acts in any trade or commerce." *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740, 733 P.2d 203 (1987). An actor can violate the CPA without any consumer or business relationship between the plaintiff and the actor because the "trade or commerce" element is not limited to those transactions. *Panag*, 166 Wn.2d at 39.

In *Stephens v. Omni Ins. Co.*, automobile insurance companies contracted with Credit Control Services to collect debt from underinsured or uninsured motorists. 138 Wn. App. 151, 160, 163, 159 P.3d 10 (2007). Credit Control Services sent "collection notices" to the motorists on behalf of the insurance companies. *Stephens*, 138 Wn. App. at 160. Division One of this court considered whether the "collection notices" of Credit Control Services met the "trade or commerce" element. *Stephens*, 138 Wn. App. at 173. The court held that the sale of Credit Control Services' collection services to the insurance companies "indisputably occurred in trade or commerce." *Stephens*, 138 Wn. App. at 173. An alleged violator and a plaintiff need not have an underlying consumer relationship to meet the trade or commerce element. *Stephens*, 138 Wn. App. at 176. "Because Credit [Control Services] conducts commerce with [the insurance companies], and their commerce directly or indirectly affects people of the state of Washington including uninsured drivers, we conclude that Credit's practice of sending the notices is one that occurred in trade or commerce." *Stephens*, 138 Wn. App. at 176.

The Supreme Court affirmed *Stephens* in *Panag v. Farmers Ins. Co.*, 166 Wn.2d at 34. The court emphasized that a CPA violation may occur without a consumer or business relationship. *Panag*, 166 Wn.2d at 39. The CPA requires a causal link between the alleged CPA violation and the injury to a plaintiff's business or property. *Panag*, 166 Wn.2d at 39; RCW 19.86.090.

Morgan's calls meet the trade or commerce element. Morgan contracted with Dialing Services to conduct his automated calls. He purchased access to and use of Dialing Services' automated call platform and paid Dialing Services for each call that was sent out. These calls were sent to people in Thurston County. Morgan meets the trade or commerce element based on his purchase and use of Dialing Services' automated call platform which affected the people of Washington.

Morgan cites to *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, to argue that his phone calls were not used to increase revenue or hinder competition. But *Michael* addressed whether a CPA claim was properly asserted against a learned professional when a dentist used cow bone for a procedure after the dentist told the patient that only human bone would be used. 165 Wn.2d at 603-04. Our Supreme Court held that learned professionals are not exempt from the CPA; however, the term "trade" as used in the CPA includes only the entrepreneurial or commercial aspects of professional services. *Michael*, 165 Wn.2d at 602-03. Claims for negligence against professionals are exempt from the CPA. *Michael*, 165 Wn.2d at 603. The court held that the dentist's use of cow bone was not entrepreneurial, but instead related to the dentist's judgment and treatment of a patient. *Michael*, 165 Wn.2d at 604. As a result, the patient did not have an actionable CPA claim. *Michael*, 165 Wn.2d at 604. *Michael* is inapplicable here because Morgan was not acting as a learned professional. We hold that the trial court did not err by granting summary judgment based on the "trade or commerce" element.

C.      *Injury to Business or Property Element*

Morgan next argues that Farrell failed to show an injury to business or property. Farrell argues that Morgan conceded this argument by failing to contest the injury element during the trial court proceedings below. We agree with Farrell and decline to address the injury element.

We generally do not consider arguments on issues that a litigant did not raise to the trial court. *Cave Properties v. City of Bainbridge Island*, 199 Wn. App. 651, 662, 401 P.3d 327 (2017). RAP 9.12 provides, "On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court." RAP 9.12's purpose is to effectuate the rule that the appellate court engages in the same inquiry as the trial court below. *Vernon v. Aacres Allvest, LLC*, 183 Wn. App. 422, 436, 333 P.3d 534 (2014).

Here, Morgan never disputed the injury element of Farrell's CPA claim in the trial court. Farrell's motion for summary judgment argued that every CPA element was established, including injury. Morgan's response to Farrell's motion for summary judgment contested only the first two elements: (1) unfair or deceptive and (2) trade or commerce. In reply and at the summary judgment hearing, Farrell stated that Morgan did not dispute the injury element. Morgan did not refute this.

On appeal, Morgan argues that he did not concede injury because the phone calls were factually accurate and because he was self-represented. However, the factual accuracy of the content of Morgan's calls is not related to the injury element. Additionally, a pro se litigant is bound by the same procedural rules and substantive laws as an attorney. *Westberg v. All-*

No. 53373-1-II

*Purpose Structures, Inc.*, 86 Wn. App. 405, 411, 936 P.2d 1175 (1997). We do not consider

Morgan's argument regarding the injury element for the first time on appeal.

ATTORNEY FEES

Morgan argues that the trial court improperly awarded Farrell's attorney fees and costs.

Morgan argues only that the attorney fees and costs were "predicated on the invalid WCPA

claim." Br. of Appellant at 13. Because Farrell's CPA was valid, we hold that the trial court

properly awarded Farrell's attorney fees below.

Farrell argues that she is entitled to her attorney fees on appeal under RAP 18.1 and

RCW 19.86.090. A litigant who brings a successful CPA action is entitled to recover expenses

and attorney fees on appeal. RCW 19.86.090; *Svendsen v. Stock*, 143 Wn.2d 546, 560, 23 P.3d

455 (2001). Thus, we award Farrell her attorney fees.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
Worswick, J.

_____
Melnick, J.

_____
Sutton. A.C.J.